Allen Derrick FERRELL, Appellant,

v.

Deborah Ann FERRELL,
et al., Appellees.

No. 13–90–437–CV.

Court of Appeals of Texas,
Corpus Christi.

Nov. 27, 1991.

Rehearing Overruled Dec. 30, 1991.

Karen A. Crouch, San Antonio, for appellant.

Werner A. Gohmert, Alice, for appellees.

Before SEERDEN, J., NYE, C.J., and BISSETT [1], J.

OPINION

SEERDEN, Justice.

This is an appeal from a default judgment involving divorce and child custody against appellant, Allen Derrick Ferrell. The primary issue is whether the judgment should be set aside because appellant has established that he met the elements set forth in the seminal case of *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (Tex.Comm'n App.1939, opinion adopted). We conclude that he has and order that the default judgment be set aside.

Because the procedural facts of this case are somewhat complex, a brief chronology

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1989).

is necessary. On June 29, 1990, appellant's wife, Deborah Ann Ferrell, filed suit seeking a divorce from Allen Ferrell and seeking sole managing conservatorship of the couple's minor daughter. At the time of the filing, Deborah Ferrell had been diagnosed with terminal cancer. Approximately seven weeks after the filing, on August 24, 1990, Deborah's sister, Betty Jo Wostal, intervened in the suit and sought to be named sole managing conservator of the Ferrell child. Upon notice to appellant, the trial court set a hearing for August 29, 1990, *prior to appellant's answer date*, to hear the intervenor's motion. Appellant was present at the hearing; the trial court advised him to hire a lawyer, and reset the hearing for September 19, 1990. The court also ruled at this hearing that appellant had not "officially" entered an appearance, even though he was physically present at the hearing.

Appellant's official answer date was September 4, 1990. On September 11, 1990, without any notice to appellant, the court held the divorce hearing in the absence of appellant. Although her attorney was present, Deborah Ferrell was not. The intervenor, however, did appear and presented her motion to the court. The Family Law Master who heard the motion recommended that the divorce be granted and that Deborah Ferrell and Wostal be named as comanaging conservators. Sometime during that same morning, appellant filed his answer. On September 12, 1990, the 36th District Court of Live Oak County approved the Master's recommendations and entered a default judgment against appellant. On September 16, 1990, Deborah Ferrell died.

By his first point of error, appellant asserts that the trial court erred in failing to grant his motion for new trial, and in failing to set aside the default judgment and order a new trial based on appellant's lack of conscious indifference and innocent mistake. A default judgment should be set aside if an appellant establishes 1) that the failure to answer was neither intentional nor the result of conscious indifference, 2) that the failure to answer was due to mistake or an accident, 3) that the defendant has a meritorious defense, and 4) that the defendant's motion was filed at a time when the granting thereof would occasion no delay or otherwise work an injury to the plaintiff. *Craddock*, 133 S.W.2d at 126; *Jackson v. Mares*, 802 S.W.2d 48, 49 (Tex.App.—Corpus Christi 1990, writ denied). Some excuse, but not necessarily a good excuse, is enough to warrant setting aside a default judgment, so long as the act or omission causing the defendant's failure to answer was, in fact, accidental. *Craddock*, 133 S.W.2d at 125; *Jackson*, 802 S.W.2d at 50. In the instant case, Allen Ferrell testified that he appeared at the August 29th hearing on the intervention and was instructed by the trial court to get an attorney. Ferrell said he went that day to a lawyer's office and was referred by that person to his present attorney. He then went to his present attorney's office, and took with him all of the papers that he had concerning the case, including his citation. He and the attorney calculated that his answer was not due until September 11. He also testified that he was very interested in obtaining custody and that his failure to answer on September 4 was not intentional or the result of conscious indifference. His attorney testified that Ferrell came to her immediately upon realizing that he needed to hire an attorney, and that they sat down together and calculated an answer date. The attorney testified that it was her mistake in calculation. Appellant testified that he wished to pursue his counterclaim pursuing managing conservatorship of the child. We believe that appellant made every effort to obtain custody of his child, as evidenced by his presence at the intervention hearing prior to his answer date. Due to the unusual circumstances of this case, however, his efforts to answer and present his case were unsuccessful. Finally, no evidence in the record exists which shows that the granting of a new trial would cause prejudice to the appellees. Because we believe that appellant has met the elements set forth in *Craddock*, we

reverse the default judgment and remand this cause for a trial on the merits.