**Rhonda Cramer McCLURE, Appellant,**

v.

**Dr. Henry LANDIS and Interim Physicians, Inc., Appellees**

No. 03–96–00624–CV.

Court of Appeals of Texas, Austin.

Nov. 13, 1997.

Rehearing Overruled Dec. 18, 1997.

---

Daryl L. Moore, Houston, for Appellant.

John M. Curney, Jr., John D. Mereness, Johnson Curney & Fields, P.C., San Antonio, for Appellee.

Before POWERS, ABOUSSIE and B.A. SMITH, JJ.

POWERS, Justice.

Rhonda Cramer McClure appeals from a judgment dismissing with prejudice her medical-malpractice action against her physician, Henry Landis, and Interim Physicians, Inc. We will reverse the judgment and remand the cause to the trial court.

## THE CONTROVERSY

In an original petition filed October 20, 1995, McClure sued Landis in an action governed by the Medical Liability and Insurance Improvement Act.[1] *See* Tex.Rev.Civ. Stat. Ann. art. 4590i, §§ 1.01–16.02 (West Supp. 1997) (the Act). Under the Act, she was obliged to furnish Landis an "expert report" within 180 days of filing suit or suffer dismissal of her action "with prejudice to the claim's refiling." *Id.* § 13.01(d),(e). The Act provides in the following language, however, for an accidental or mistaken failure to supply the report in a timely fashion:

Notwithstanding any other provision of this section, if a claimant has failed to comply with a deadline established by Sub-

section (d) of this section and after a hearing the court finds that the failure of the claimant or the claimant's attorney was not *intentional or the result of conscious indifference but was the result of an accident or mistake,* the court shall grant a grace period of 30 days to permit the claimant to comply with that subsection.

*Id.* § 13.01(g) (emphasis added).

On June 26, 1996, or about 249 days after McClure filed her suit, Landis had not received the required expert report and moved to dismiss McClure's claim under section 13.01(d) and (e) of the Act. The trial court sustained the motion and dismissed McClure's claim with prejudice. She moved for a new trial on allegations that her failure to supply the report in a timely fashion "was not intentional or the result of conscious indifference but was the result of an accident or mistake," as stated in section 13.01(g) of the Act, and that she was entitled to a 30-day grace period retroactively validating the expert report that her trial attorney had furnished Landis immediately on receiving of a copy of his motion to dismiss.

At a hearing on McClure's motion for new trial, McClure offered as evidence of the mistaken nature of the omission an affidavit and testimony of Marco Sapien, McClure's trial attorney, the affidavit of Jackie Nguyen, Sapien's legal assistant or paralegal, and the affidavit of Conrad D. Moore, a physician who had examined McClure at Sapien's request. According to the affidavits and testimony, in April 1996, before the 180-day period expired, Sapien possessed Moore's expert report and his letter to Sapien discussing McClure's eye condition. Sapien had to leave the United States and instructed Nguyen to send the expert report to Landis's trial counsel. Nguyen inadvertently sent the letter instead of the expert report. When Sapien returned, Nguyen told him she had sent the expert report as instructed; for that reason Sapien did not know, until Landis filed his motion to dismiss, that the expert report had not been delivered within the required period. Sapien furnished a copy of

---

1. We need not decide whether the Act governed McClure's action against Interim, Landis' alleged employer.

the report to Landis's counsel immediately on receiving a copy of the motion to dismiss.

The trial judge overruled McClure's motion for new trial. In her first point of error, she contends his action was an abuse of discretion. We agree and need not discuss McClure's remaining points of error.

## DISCUSSION AND HOLDINGS

■ The elements of section 13.01(g) of the Act, quoted above, are obviously derived from the terms of Texas Rule of Civil Procedure 165a(3), governing the reinstatement of causes after dismissal for want of prosecution,[2] and from the rules governing equitable motions for new trial established in *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (Com.App.1939).[3] We believe, therefore, that the legislature intended the elements of section 13.01(g) to apply in an analogous manner. *See, e.g., Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex.1995) (employing *Craddock* rules in applying Rule 165a(3)).

■ Proof of accident or mistake negates the intent or conscious indifference for which reinstatement or a new trial will be denied. *See id.* at 468. To establish a right to a new trial, one must show "some excuse," not necessarily a good excuse, for failing to comply with a judicial requirement. *Gotcher v. Barnett*, 757 S.W.2d 398, 401 (Tex.App.— Houston [14th Dist.] 1988, no writ); *see also Craddock*, 133 S.W.2d at 125. A party moving for a new trial may support his position by affidavits attached to the motion and by evidence. The attached affidavits "do not have to be offered in evidence in order to be considered by the trial court." *Director, State Employees Workers' Compensation Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994); *see Strackbein v. Prewitt*, 671 S.W.2d

37, 38 (Tex.1984). Unless the opposing party controverts *specifically* the facts alleged by the movant for new trial, the latter will prevail on the issue of mistake. *See Evans*, 889 S.W.2d at 269; *see also* Aaron Jackson and Benton Eskew, *Default Judgments: Procedure(s) for Alleging or Controverting Facts on the Conscious Indifference Issue*, 40 Baylor L.Rev. 59, 67 (1988). In *Evans*, the trial judge was held to have abused his discretion by refusing a new trial when the record did not controvert movant's affidavit statement regarding his mistaken belief as to a trial date. *Evans*, 889 S.W.2d at 269. In *Bank One, Texas, N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex.1992), the trial judge was held to have abused his discretion by refusing a new trial when the record did not controvert a bank president's mistaken belief that "freezing" a depositor's account and tendering the account balance to the court was a legally sufficient response to a writ of garnishment served the bank.

■ Landis supplied nothing to controvert specifically the affidavits and testimony establishing Sapien's mistaken belief that the report had been furnished in a timely manner. Landis relies instead on an inference— because McClure had failed in two other discovery particulars,[4] Sapien's testimony and affidavit and the affidavits of Nguyen and Moore were not worthy of belief. We disagree. Any inference that McClure habitually failed to respond in discovery matters is entirely unjustified by the record. The record shows without dispute her *general* compliance in such matters. The two instances suggested by Landis do not establish a habit or pattern and have, therefore, no probative force whatever as contradicting the testimony and affidavits supplied by McClure. *See* Tex.R. Civ. Evid. 406 (1997); 1 Goode, Wellborn and Sharlot, *Texas Rules of Evidence:*

2. Rule 165a(3) provides as follows:
The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.
Tex.R. Civ. P. 165a(3).

3. "A default judgment should *set aside and a new trial ordered in any case in which the failure of

the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or accident." *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (Com.App.1939).

4. McClure failed to reveal that Moore might testify at trial and that McClure had visited a physician who proved to be unsympathetic to her case.

*Civil and Criminal* § 406.4, Texas Practice, at 227 (1993). And, in all events, Landis' motion and the trial court's dismissal order rest exclusively upon section 13.01(d) of the Act. *See Torres v. Rios,* 869 S.W.2d 555 (Tex.App.—Corpus Christi 1993, no writ) (movant's mistaken belief regarding notice of pre-trial conference not controverted by his failure to respond to discovery requests). Sapien's mistaken belief stood unassailed in the record and evidence before the trial court. We hold, therefore, that the order overruling McClure's motion for new trial was an abuse of discretion.

For the reasons given, we reverse the trial-court judgment and remand the cause to that court.