**PRESBYTERIAN HEALTHCARE SYSTEMS, Presbyterian Hospital of Plano, and John Paul Roberts, M.D. Appellants,**

v.

**Dominic AFANGIDEH, Individually and as Next Friend of Emem Afangideh, and Anna Afangideh, Individually Appellees.**

No. 11–97–00302–CV.

Court of Appeals of Texas, Eastland.

April 28, 1999.

Charles T. Frazier Jr., Elizabeth A. Leveno, Cowles & Thompson PC, R Brent Cooper, Diana L. Faust, Cooper & Scully, Attorneys at Law, Dallas, for Appellants.

Ronald D. Wren, Bedford, Richard L. Howell, Dennis Weitzel, Weitzel & Howell,

Dallas, David Keltner, Jose Henry Brantley & Keltner, Attorneys at Law, Fort Worth, for Appellees.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCLOUD, Senior Justice.[1]

## OPINION

AUSTIN McCLOUD, Senior Justice (Retired).

The issue in this medical malpractice case is whether the trial court abused its discretion by failing to dismiss "with prejudice" plaintiffs' suit when plaintiffs failed to furnish defense counsel within 180 days from the date suit was filed the report of an expert or failed to file a voluntary nonsuit within the 180–day time limit. We hold the trial court did not abuse its discretion.

Plaintiffs, Dominic Afangideh, Individually and as Next Friend of Emem Afangideh, and Anna Afangideh, Individually, sued defendants, Presbyterian Healthcare Systems, Presbyterian Hospital of Plano, and John Paul Roberts, M.D., alleging that, because of defendants' negligence, Emem Afangideh, the child of Dominic and Anna, suffered profound brain damage at birth. Plaintiffs alleged that Anna entered Presbyterian Hospital of Plano while in labor on or about January 17, 1997. After Anna had been in labor several hours, Dr. Roberts delivered the infant, who was brain damaged and blind at birth.

This case is controlled by the Medical Liability and Insurance Improvement Act, TEX. REV. CIV. STAT. ANN. art. 4590i, §§ 1.01–16.02 (Vernon Pamph. Supp. 1999)(the Act). Article 4590i, section 13.01 of the Act provides in part:

(d) Not later than the later of the 180th day after the date on which a health care liability claim is filed or the last day of any extended period established under Subsection (f) or (h) of this section, the claimant shall, for each physician or health care provider against whom a claim is asserted:

(1) furnish to counsel for each physician or health care provider one or more expert reports, with a curriculum vitae of each expert listed in the report; or

(2) voluntarily nonsuit the action against the physician or health care provider.

(e) If a claimant has failed, for any defendant physician or health care provider, to comply with Subsection (d) of this section within the time required, the court shall, on the motion of the affected physician or health care provider, enter an order awarding as sanctions against the claimant or the claimant's attorney:

(1) the reasonable attorney's fees and costs of court incurred by that defendant;

(2) the forfeiture of any cost bond respecting the claimant's claim against that defendant to the extent necessary to pay the award; and

(3) the dismissal of the action of the claimant against that defendant with prejudice to the claim's refiling.

(g) Notwithstanding any other provision of this section, if a claimant has failed to comply with a deadline established by Subsection (d) of this section and after hearing the court finds that the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake, the court shall grant a grace period of 30 days to permit the claimant to comply with that subsection. A motion by a claimant for relief under this subsection shall be considered timely if it is filed before any hearing on a motion by a

---

1. Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

defendant under Subsection (e) of this section.

(p) In the event of a conflict between this section and another law, including a rule of procedure or court rule, this section controls to the extent of the conflict.

Plaintiffs filed their suit against defendants on February 25, 1997. The "180th day" after suit was filed was August 24, 1997. Plaintiffs neither furnished the expert reports nor voluntarily nonsuited their action against defendants within the 180–day time limit as required in Section 13.01(d). On August 28, 1997, Presbyterian Healthcare Systems and Presbyterian Hospital of Plano (Presbyterian) filed a motion to dismiss with prejudice plaintiffs' suit. On the same day, plaintiffs filed a motion for nonsuit requesting that the case against all defendants be dismissed without prejudice to the refiling of same. The next day, August 29, Dr. Roberts filed a motion to dismiss plaintiffs' suit with prejudice. On the same day, August 29, the court signed an order granting plaintiffs' nonsuit and dismissing plaintiffs' suit "without prejudice to the refiling of same." On September 9, 1997, plaintiffs filed a motion for extension of time to file their expert reports as provided for in Section 13.01(g). This motion contained the affidavit of Dr. Gary David Blake, who was board certified in obstetrics, gynecology, and maternal/fetal medicine. Dr. Blake detailed his experience and qualifications and stated that, in his opinion, based upon reasonable medical probability, Dr. Roberts and the nursing personnel of Presbyterian were negligent in the care of Anna and Emem Afangideh and that such negligence resulted in Emem sustaining irreversible and permanent brain damage. The motion for extension also contained the affidavit of plaintiffs' attorney who gave his reasons for failing to file Dr. Blake's report within the 180–day period. Plaintiffs filed their response to defendants' motions to dismiss on September 11, 1997.

On September 12, 1997, the trial court conducted a hearing on defendants' motions to dismiss with prejudice and on plaintiffs' motion for an extension of time to file their expert reports. At this hearing, plaintiffs introduced the affidavit of Katherine Mary Hand Taylor, who held a Master of Science in Nursing Degree and who was an instructor of nursing at the University of Texas at Austin School of Nursing. Plaintiffs also introduced the affidavit of Dr. William D. Goldie, who was board certified in pediatric neurology. These affidavits supported plaintiffs' contentions that Presbyterian and Dr. Roberts were responsible for Emem Afangideh sustaining permanent brain damage.

On September 24, 1997, the trial court entered its order granting plaintiffs' motion for extension of the 180–day deadline pursuant to Section 13.01(g). The order provided that plaintiffs' deadline for complying with Section 13.01(d) was extended for 30 days. The court denied defendants' motions for dismissal with prejudice. The court expressly ordered that "this Court's previous Order dated August 29, 1997 nonsuiting this case without prejudice remains in force and effect."

■ Defendants argue that, after plaintiffs nonsuited their case, the trial court had no jurisdiction to grant an extension of time to comply with Section 13.01(d). Defendants maintain, however, citing *Scott & White Memorial Hospital v. Schexnider*, 940 S.W.2d 594, 596 (Tex.1996), that plaintiffs' nonsuit did not limit the trial court's power to act on defendants' motions for sanctions requesting a dismissal with prejudice. The court in *Schexnider* held that, even though the Schexniders filed a nonsuit, the trial court retained power during its "plenary jurisdiction" to decide the motion for sanctions filed by the hospital and its physicians after the nonsuit. The supreme court observed that, pursuant to TEX.R.CIV.P. 329b(e), a trial court's plenary power to act in a case does not expire until 30 days after the court has signed the judgment. Defendants contend that the

trial court had jurisdiction to rule on their motions for sanctions but that the court had no jurisdiction to grant the extension requested by plaintiffs. We hold that the trial court had jurisdiction to rule on defendants' motions for sanctions and also had jurisdiction to rule on plaintiffs' motion for extension of time to file their expert reports. The trial court granted plaintiffs' motion and denied defendants' motions within the 30–day period that the court retained plenary jurisdiction.

■ Section 13.01(g) provides that, "[n]otwithstanding any other provision" of Section 13.01, if a claimant has failed to comply with a deadline required in Subsection (d), the court "shall grant a grace period of 30 days to permit the claimant to comply" if the court finds that the failure to comply was not intentional or the result of conscious indifference but was the result of an "accident or mistake."

In *McClure v. Landis*, 959 S.W.2d 679 (Tex.App.—Austin 1997, pet'n den'd), McClure failed to furnish to Landis the required expert report within 180 days after McClure filed a medical malpractice suit. Landis moved to dismiss McClure's claim under Section 13.01(d) and (e) 249 days after suit was filed. The trial court dismissed McClure's claims with prejudice. McClure furnished Landis a copy of the expert report immediately upon receiving a copy of Landis' motion to dismiss. McClure, like the plaintiffs in this case, argued that her failure to supply the report within 180 days was not intentional or the result of conscious indifference but was the result of an accident or mistake. The trial court overruled McClure's motion for new trial. The court of appeals reversed the trial court, holding that the trial court abused its discretion because the uncontroverted evidence showed that McClure's failure to comply with the 180–day requirement was the result of an accident or mistake.

Similarly, in *Horsley–Layman v. Angeles*, 968 S.W.2d 533 (Tex.App.—Texarkana 1998, no pet'n), Horsley–Layman provided Dr. Angeles with an expert report 246 days after filing suit. Dr. Angeles filed a motion to dismiss with prejudice, which the trial court granted, asserting that Horsley-Layman failed to file the report within 180 days of filing suit. The court of appeals reversed the trial court, holding that the court abused its discretion in not granting the extension of time to file the required report. The court of appeals observed:

> Unless the nonmovant specifically controverts the evidence presented by the movant regarding a mistaken belief, the movant prevails on the issue of mistake and the statutory provision allowing an extension of time is satisfied. *Evans* [*Director, State Employees Workers' Compensation Division v. Evans*, 889 S.W.2d 266 (Tex.1994)] 889 S.W.2d at 269; *Bank One, Texas, N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex.1992); *McClure*, 959 S.W.2d at 681.

*Horsley–Layman v. Angeles*, supra at 536; see also *Roberts v. Medical City Dallas Hospital, Inc.*, 988 S.W.2d 398 (Tex.App.—Texarkana, 1999, n.p.h.)(not yet reported).

Plaintiffs' attorney stated in his affidavit that it was standard practice in his office that all deadlines were to be calendared immediately. He added that, in particular, it was his standard practice to calendar the 180–day deadline for compliance with Section 13.01(d) immediately upon the filing of suit. This was not done with respect to the 180–day deadline in this case. The attorney stated that:

> As a result of this calendaring error, I reasonably believed that I still had time to comply with article 4590i, § 13.01 and therefore did not get the agreement to extend or the non-suit filed by August 24, 1997.

No controverting evidence was filed by defendants.

The court in *McClure v. Landis*, supra, cited *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939), to support its analysis of the language in

Section 13.01(g) directing the court to "grant a grace period of 30 days" if the court finds that the failure to comply with the 180–day period was not intentional or the result of conscious indifference but was the result of an accident or mistake. Conscious indifference means more than mere negligence. *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex.1966). Calendaring errors have frequently been held sufficient to establish "mistake or accident" under *Craddock*. See *Ferrell v. Ferrell*, 820 S.W.2d 49, 50 (Tex.App.—Corpus Christi 1991, writ den'd); *Kirk v. Farmers Aerial Spraying Service, Inc.*, 496 S.W.2d 739, 741–42 (Tex.Civ.App.—Amarillo 1973, no writ); *Hendricks v. Williams*, 485 S.W.2d 304 (Tex.Civ.App.—Corpus Christi 1972, no writ); *Republic Bankers Life Insurance Company v. Dixon*, 469 S.W.2d 646 (Tex.Civ.App.—Tyler 1971, no writ); *Newsom v. Boyd*, 203 S.W.2d 874, 877 (Tex.Civ. App.—Galveston 1947, no writ). The trial court did not abuse its discretion in granting an extension of the 180–day deadline under Section 13.01(g).

Plaintiffs' voluntary nonsuit was filed within the extended deadline. The trial court did not abuse its discretion in denying defendants' motions to dismiss plaintiffs' suit with prejudice. Defendants' issues on appeal are overruled.

The judgment of the trial court is affirmed.