Christi HARGROVE, Appellant,

v.

Jerjis J. DENNO, M.D., Appellee.

No. 04–00–00187–CV.

Court of Appeals of Texas,
San Antonio.

March 7, 2001.

---

**715**

Sitting: TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice, SARAH B. DUNCAN, Justice.

## OPINION

SARAH B. DUNCAN, Justice.

Christi Hargrove appeals the dismissal of her medical malpractice suit against Jerjis J. Denno, M.D. for failing to provide Denno with an expert report or nonsuit her claim by the date the expert report was due. We hold the trial court did not abuse its discretion in denying Hargrove's motion to reinstate or her motion for an extension of time.

### FACTUAL AND PROCEDURAL BACKGROUND

Hargrove sued Denno for medical malpractice. By statute, therefore, she was required to either provide Denno with an expert report or voluntarily nonsuit her claim no later than 180 days after suit was filed. TEX.REV.CIV.STAT.ANN. art. 4590i, § 13.01(d) (Vernon Supp.2000). This deadline was extended by court order and later by agreement. *See id.* §§ (f), (h). After Hargrove failed to meet this deadline, Denno moved to dismiss her claim with prejudice. *See id.* § 13.01(e). Before this motion was heard, Hargrove sought and obtained an order nonsuiting her claim without prejudice. Shortly thereafter, on December 30, 1999, the trial court signed an order dismissing Hargrove's claim and awarding Denno his attorney's fees.

On January 18, 2000, Hargrove moved for reinstatement, contending her failure to provide the expert report timely was not due to conscious indifference but the result of accident or mistake and requesting an extension of time. *See id.* § 13.01(g). Attached to her motion was the December 19, 1999 report of Dr. Robert R. Lawrence. In his report, Dr. Lawrence stated that Dr. Denno's treatment of

Anita J. Anderson, Law Offices of Anita J. Anderson, San Antonio, for Appellant.

Rosemary L. Hollan, Russell & Hollan, P.C., San Antonio, for Appellee.

Hargrove was negligent in several respects. The trial court denied Hargrove's motion to reinstate and later her motion for reconsideration.

## STANDARD OF REVIEW

We review the trial court's orders under an abuse of discretion standard. *See Schorp v. Baptist Mem'l Health Sys.*, 5 S.W.3d 727, 731 (Tex.App.—San Antonio 1999, no pet.); *Martinez v. Lakshmikanth*, 1 S.W.3d 144, 146 (Tex.App.—Corpus Christi 1999, pet. denied). An abuse of discretion with respect to factual matters occurs if the record establishes "the trial court could reasonably have reached only one decision," and it failed to do so. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). However, "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Id.*

## DISCUSSION

Hargrove first contends the trial court abused its discretion in denying her request for an extension of time to file her expert report under section 13.01(g). We disagree.

To be timely, a motion for extension of time pursuant to section 13.01(g) must be filed "before any hearing on a motion by a defendant under Subsection (e) of this section." TEX.REV.CIV.STAT.ANN. art. 4590i, § 13.01(g) (Vernon Supp.2000).[1] Hargrove's motion was not filed until more than two weeks after the trial court heard and granted Denno's motion to dismiss and for attorney's fees. Hargrove's motion was thus untimely. Accordingly, the trial court did not abuse its discretion in denying it.

To support her argument to the contrary, Hargrove cites *Presbyterian Healthcare Sys. v. Afangideh*, 993 S.W.2d 319 (Tex.App.—Eastland 1999, pet. denied). However, the Afangidehs' section 13.01(g) motion was filed before the trial court heard the defendants' motion to dismiss. *Afangideh*, 993 S.W.2d at 321; *see also Horsley–Layman v. Angeles*, 968 S.W.2d 533 (Tex.App.—Texarkana 1998, no pet.); *but see McClure v. Landis*, 959 S.W.2d 679 (Tex.App.—Austin 1997, pet. denied) (holding trial court abused its discretion in denying a motion for new trial seeking retroactive validation of an expert report furnished to the defendant immediately on receiving a copy of his motion to dismiss).

Hargrove next contends the trial court abused its discretion in denying her motion to reinstate after she filed her expert report. We again disagree. Although Hargrove's verified motion to reinstate conclusorily asserts that the failure to provide her expert report timely was not due to the conscious indifference of Plaintiff but was the result of an accident or mistake, she nowhere explains the accident or mistake that caused her to miss the December 15 deadline. An excuse for missing the December 15 deadline is likewise omitted from Hargrove's attorney's affidavit supporting her motion to reconsider. Under these circumstances, the trial court did not err in finding that "this is not a case of accident or mistake" and, as a consequence, denying Hargrove's motion to reinstate. We therefore affirm the trial court's judgment.

---

1. Hargrove's attorney's quotation of section    13.01(g) omits the last sentence.