Affirmed and Opinion filed October 17, 2002









Affirmed and Opinion filed October 17, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-01040-CV

____________

 

DIANE THOMAS, Appellant

 

V.

 

HEALTHMARK PARTNERS, L.L.C. D/B/A GULF HEALTH CARE CENTER -
TEXAS CITY AND GULF HEALTH CARE, INC. D/B/A GULF HEALTH CARE CENTER - TEXAS
CITY, Appellees

 



 

On
Appeal from the 405th District Court

Galveston County, Texas

Trial
Court Cause No. 00CV0753

 



 

O
P I N I O N

This
is an appeal from the trial court=s order denying appellant Diane Thomas=
second motion for extension of time to file an expert report under the Medical
Liability and Insurance Improvement Act. 
We affirm.








I.  Background

On
July 27, 2000, Appellant Diane Thomas filed suit against Healthmark
Partners, L.L.C. d/b/a/ Gulf Health Care Center[1]and
Gulf Health Care, Inc. d/b/a Gulf Health Care Center -Texas City[2],
alleging that her mother, Ms. Lucy Thomas, was abused and mistreated when she
was a patient at the Gulf Health Care Center in Texas City.  Thomas=s claims against Gulf Health Care Center are subject to the
requirement under the Medical Liability and Improvement Act that a report and
curriculum vitae from an expert be filed within 180 days from the date suit is
filed.  Appellant did not file the report
and curriculum vitae before expiration of the 180 day period, which ended on
January 23, 2001.  On June 26, 2001,
eleven months after suit was filed, Thomas submitted a motion for a grace
period to give her an additional thirty days to submit the expert report, citing Tex. Rev. Civ.
Stat. Ann. art. 4590i, section 13.01(g) as support.  Thomas=s reason for requesting the grace period was her counsel=s
lack of knowledge of the requirement for filing the expert report.  On July 18, 2001, the trial court granted
Thomas=s
motion for a thirty day grace period and set the new deadline to file the
expert report for August 17, 2001.  On
August 25, 2001, seven days after expiration of the grace period, Gulf Health
Care Center moved for dismissal.  On
October 3, 2001, following a series of responses, the litigants appeared before
the trial court for a hearing on appellant=s motion to dismiss. 
Thomas requested another grace period, asserting that a member of her
attorney=s
staff failed to calendar the new deadline while the attorney was on
vacation.  She argued for an extension
under article 4590i, section 13.01(g) and Texas Rules of Civil Procedure
5.  On October 3, 2001, the trial court
granted Gulf Health Care Center=s motion to dismiss. 
This appeal followed.








II.  Did the Trial Court Err in Denying a Second
Grace Period under Section 13.01(g)?

In
Thomas=s
first point of error, she argues that the trial court erred in denying her
motion for a grace period under article 4590i, section 13.01(g).  We review the trial court=s
decision to deny a request for a grace period under an abuse of discretion
standard.  Marquez v. Providence Mem. Hosp., 57 S.W.2d 585, 590 (Tex. App.CEl Paso
2001, no pet.); Hargrove v. Denno, 40 S.W.3d
714, 716 (Tex. App.CSan Antonio 2001, no pet.).  To
establish an abuse of discretion, the complaining party must show that the
trial court=s action was arbitrary or unreasonable in light of all the
circumstances in the case.  Smithson
v. Cessna Aircraft Co., 665 S.W.2d 439, 443 (Tex. 1984). Stated
differently, an abuse of discretion is determined by examining whether the
trial court acted without reference to any guiding rules and principles. Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241‑42 (Tex. 1985).

If
a plaintiff does not timely comply with the requirements for production and
filing of expert reports, she has three avenues to seek more time under the
statute.  Under subsection (f), the trial
court may extend the 180‑day period to file an expert report for an
additional thirty days if a motion to extend is filed and, after a hearing, the
trial court finds there is good cause to grant the extension.  Tex.
Rev. Civ. Stat. Ann. art. 4590i, section 13
.01(f) (Vernon Supp. 2002).  The trial
court has discretion to extend the filing deadline for an additional thirty days
from expiration of the 180th day from the date suit is filed.  Whitworth v. Blumenthal, 59
S.W.3d 393, 397 (Tex.
App.CDallas
2001, pet. dism=d by agr.); Landry v. Ringer,
44 S.W.3d 271, 274 (Tex.
App.CHouston [14th Dist.] 2001, no pet.). 
Subsection (h) allows parties to enter into a written agreement for
extension of the 180‑day period if the agreement is signed, and filed
with the trial court. Id. ' 13.01(h). 








A
careful reading of subsection (d) is beneficial.  Section 13.01(d) provides, A[n]ot later than the 180th day after the date on which a
health care liability claim is filed or the last day of any extended period
established under Subsection (f) or (h) of this section, the claimant shall, .
. . .@.  Section 13.01(d) thus contemplates three
possible deadlines.  The first is the
initial 180-day deadline.  The second is
an extended deadline granted under subsection (f).  The third is an extended deadline granted by
agreement under section (h).  Subsection
(g) is excluded from this list.  It is
clear from the text that after a grace period is granted under subsection (g),
a claimant is no longer operating subject to a deadline imposed by subsection
(d).  Subsection (g) provides:

[n]otwithstanding any other provision of this section, if a
claimant has failed to comply with a deadline established by Subsection (d) of
this section and after a hearing the court finds that the failure of the
claimant or the claimant=s attorney was
not intentional or the result of conscious indifference but was the result of
an accident or mistake, the court shall grant a grace period of 30 days to
permit the claimant to comply with that subsection. A motion by a claimant for
relief under this subsection shall be considered timely if it is filed before
any hearing on a motion by a defendant under Subsection (e) of this section.

Id. at ' 13.01(g).

Thomas
missed the 180-day statutory deadline for filing an expert report.  She petitioned the trial court for a grace
period under article 4590i,
section 13.01(g).  The trial court
granted her a thirty day grace period.  A
grant of a thirty day grace period under 13.01 (g) may occur at any time after
the deadline for filing the expert report has passed, before trial, and is not
limited to the 210 day requirement under 13.01 (f).  See McClure v. Landis, 959
S.W.2d 679, 681 (Tex.
App.CAustin
1997, pet. denied) (thirty day grace period granted 249 days after the filing
of the suit). 








Because
the court previously granted a 30 day grace period under subsection (g), we
hold Thomas may not rely on subsection (g) again, in order to save her
case.  We conclude that subsection (g)
applies only when a plaintiff fails to comply with a subsection (d)
deadline.  See Whitworth v.
Blumenthal, 59 S.W.3d 393, 399B400 (Tex.
App.CDallas 2001, pet. dism=d
by agr.). 
While subsection (d) deadlines include subsection (f) extensions,
they do not include subsection (g) grace periods.  A plaintiff cannot obtain a subsection (g) grace
period by showing that his failure to comply with a previous grace
period was due to accident or mistake. 
A grace period under subsection (g) is limited to 30 days. Id.
at 400.

Because
we find the statutory language to be unambiguous, we adopt the interpretation
supported by the plain meaning of the words and terms. Fitzgerald v.
Advanced Spine Fixation Sys., Inc., 996 S.W.2d 864, 865 (Tex. 1999).  Appellant=s first request for a grace period under subsection (g)
constituted her effort to persuade the trial court that her failure to timely
file the report was not intentional or the result of conscious
indifference.  The trial judge was
persuaded and granted the first request. 
However, the trial court was constrained to grant a second 30 day grace
period by the plain language of the statute. According, we cannot conclude that
the trial court abused its discretion by denying appellant=s
second request.  

We
overrule appellant=s first point of error.

III.  Did the Trial Court Err in Denying a Second
Extension under TRCP 5?








In
her second point of error, appellant argues that the trial court erred in
denying her motion for an extension of time to file an expert report under
Texas Rule of Civil Procedure 5.  Tex. R. Civ. P. 5.  Rule 5 is essentially a last resort for
seeking an extension of any filing deadlines. 
A Rule of Civil Procedure may not be used to extend a time period
specifically enumerated under article 4590i, section 13.01.  See In re Hourani,
20 S.W.3d 819, 826 (Tex.
App.CHouston [14th Dist.] 2000, no pet.) (holding that an administrative judge could not
use Texas Rule of Civil Procedure 166 to extend the deadline for objections
under Government Code, section 74.053(b), and requiring any limitation,
expansion, or elimination of the provision to be made by the legislature); see
also Kirkpatrick v. Hurst, 484 S.W.2d 587, 589 (Tex. 1972) (holding that
Texas Rule of Civil Procedure 4 may not be applied to enlarge the filing
period).

            Subsection (p) of article 4590i,
section 13.01 provides in part: A[i]n the event of a conflict between
this section and another law, including a rule of procedure or court rule, this
section controls to the extent of the conflict.@  Tex. Rev. Civ. Stat. Ann. art.
4590i, section 13.01.  Accordingly, we
overrule appellant=s second issue.  

IV.  Did Thomas=s
expert report fulfill the content of 4590i, section 13.01(r)(6)?

In
her final issue, Thomas contends her expert=s report met the requirements of article 4590i, section
13.01(r)(6).  Because we hold that the
trial court=s denial of Thomas=s request for an extension was proper, we do not reach this
issue.

We
acknowledge the candor of appellant=s counsel regarding the circumstances surrounding her failure
to timely file the expert report. 
However, we are constrained by the clear language of 4590i, section
13.01 and the standard that governs our review of the trial court=s
decision.  

The
decision of the trial court is affirmed.

 

/s/        Charles W.
Seymore

Justice

 

Judgment rendered and Opinion filed October 17, 2002.

Panel consists of Justices Yates, Seymore and Guzman.

Publish C Tex.
R. App. P. 47.3(b).











[1]  The claims
against appellee, Healthmark
Partners L.L.C. d/b/a Gulf Health Care Center- Texas City were dismissed on
July 18, 2001.  Healthmark
Partners L.L.C. d/b/a Gulf Health Care Center- Texas City has not perfected any
issues for appellate review.





[2]  Gulf
Health Care, Inc. d/b/a Gulf Health Care Center -Texas City was dismissed on October 3, 2001 pursuant to the
trial court=s order which is the subject of this appeal.