MEMORANDUM OPINION



No. 04-06-00698-CV



Pedro CUELLAR, As Guardian of Marta Nelida Riojas,


Appellant



v.



WARM SPRINGS REHABILITATION FOUNDATION d/b/a Warm Springs Hospital,


Appellee



From the 224th Judicial District Court, Bexar County, Texas


Trial Court No. 2006-CI-00874


Honorable Rene Diaz, Judge Presiding



Opinion by: Sandee Bryan Marion, Justice


Sitting: Karen Angelini, Justice

 Sandee Bryan Marion, Justice

 Steven C. Hilbig, Justice


Delivered and Filed: November 14, 2007


AFFIRMED


 This is an appeal from an order dismissing a health care liability claim filed by plaintiff,
Pedro Cuellar, as guardian of Marta Nelida Riojas, against defendant, Warm Springs Rehabilitation
Foundation. The case was dismissed for failure to comply with the expert report requirements found
in Chapter 74 of the Texas Civil Practice and Remedies Code. Cuellar complains of the trial court's
dismissal in three issues. In an opinion and judgment dated August 29, 2007, we affirmed the trial
court's order of dismissal. Cuellar filed a motion for rehearing and a motion for reconsideration en
banc. We deny both motions, withdraw our opinion and judgment of August 29, 2007, and issue this
opinion and judgment in its place. We affirm. 

FACTUAL BACKGROUND

 Marta Nelda Riojas was admitted to Warm Springs Rehabilitation Hospital on or about
March 31, 2005 for rehabilitation following a craniotomy. Warm Springs performed a fall risk
assessment of Ms. Riojas and concluded that she was at a "high risk for a fall." Additionally, Ms.
Riojas was categorized as a "total assist" for using the bathroom, bed/chair/wheelchair transfers, and
bathing. On April 3, 2005, Ms. Riojas was escorted by a nurse to the toilet and was left there
unattended. Subsequently, the nurse found Ms. Riojas "face down lying in a pool of her own blood
with a bump on her head and a laceration to the bridge of her nose." Following the fall, Ms. Riojas
suffered from convulsions. 

 Ms. Riojas, through her guardian, Pedro Cuellar, filed suit on January 18, 2006 for personal
injuries, asserting a health care liability claim under Chapter 74 of the Texas Civil Practices and
Remedies Code. Cuellar filed two reports in an attempt to comply with the expert report
requirements found in section 74.351. The first was the report of Nurse Theresa Ann Posani, and
the second was the report of Dr. Juan Jose Cervantes Garcia. Dr. Cervantes's report was written in
Spanish. According to Dr. Cervantes's curriculum vitae, he is a graduate of Universidad Autonoma
de Guadalajara and is licensed to practice medicine in the state of Coahuila, Mexico. Warm Springs
objected to both expert reports. Among the objections to both reports were that neither Nurse Posani
nor Dr. Cervantes were qualified to testify on the issue of causation.

 Warm Springs filed a motion to dismiss, asserting Cuellar: (1) did not have adequate expert
reports on the standard of care and causation, and (2) did not have experts qualified to render the
opinions given in the reports. Cuellar filed a response to Warm Springs's motion to dismiss and
attached a translated version of Dr. Cervantes's report. The trial court held a hearing regarding the
motion to dismiss, dismissed the case with prejudice, and ordered Cuellar to pay attorney's fees in
the amount of $2,405. On appeal, Cuellar complains the trial court erred in dismissing the case and
in denying his request for a thirty-day extension to cure. We disagree, and affirm the trial court's
judgment.

EXPERT REPORTS

 We review a trial court's dismissal of a case under section 74.351(l) for an abuse of
discretion. See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 875 (Tex.
2001). A trial court abuses its discretion if its decision is arbitrary, unreasonable, and without
reference to any guiding rules and principles. See Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 242 (Tex. 1985). 

 In a health care liability claim, the plaintiff must timely provide each defendant physician and
health care provider an expert report and the expert's curriculum vitae within 120 days of the original
petition being filed. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (Vernon Supp. 2006). This
expert report requirement establishes a threshold over which a claimant must proceed to continue
such a lawsuit. See Murphy v. Russell, 167 S.W.3d 835, 838 (Tex. 2005) (per curiam). The statute
allows a plaintiff to provide opinions on the statutorily required elements through more than one
report. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(i). If a claimant timely furnishes an expert
report, a defendant may file a motion challenging the report's adequacy. Id. § 74.351(a).

 A trial court must look at all the reports served by the plaintiff and determine whether,
viewed together, the reports address each of the required elements. Id. § 74.351(i). The expert
report must provide a fair summary of the expert's opinions as of the date of the report regarding:
(1) the applicable standards of care, (2) the manner in which the care rendered by the physician or
health care provider failed to meet the standards, and (3) the causal relationship between that failure
and the injury, harm, or damages claimed. Id. § 74.351(r)(6) (emphasis added); Garcia v.
Marichalar, 198 S.W.3d 250, 254 (Tex. App.--San Antonio 2006, no pet.). A trial court must grant
a motion challenging the adequacy of an expert report if it "appears to the court" that the plaintiff
did not make a "good faith effort" to comply with the statutory definition of an expert report found
in section 74.351(r)(6). Tex. Civ. Prac. & Rem. Code Ann. § 74.351(l); see Palacios, 46 S.W.3d
at 877. To constitute a "good faith effort," the report must provide enough information to (1) inform
the defendant of the specific conduct the plaintiff has called into question, and (2) provide a basis
for the trial court to conclude that the claims have merit. Palacios, 46 S.W.3d at 879. The trial
court should look no further than the four corners of the report in conducting its inquiry. Id. at 878. 
Although the report need not marshal all the plaintiff's proof, it must include the expert's opinions
on the three statutory elements-standard of care, breach, and causation. See id. at 878-79. 

1. Necessity of Expert Report on Causation

 Cuellar contends that this particular case is of the type that does not require expert testimony
on the issue of causation because the underlying negligence involves nonmedical, administrative,
ministerial, or routine care at a hospital and the jury is competent from its own experience to
determine and apply a reasonable care standard. As a result, Cuellar asserts he was not required to
file an expert report that addresses causation. However, the Texas Supreme Court addressed this
issue when the Court explained that "the Legislature intended health care liability claims to be
scrutinized by an expert or experts before plaintiff can proceed." Murphy v. Russell, 167 S.W.3d 167
S.W.3d, 835, 838 (Tex. 2005). The Court further stated, "It may be that once discovery is complete
and the case is tried, there is no need for expert testimony. . . . But the Legislature envisioned that
discovery and the ultimate determination of what issues are submitted to the factfinder should not
go forward unless at least one expert has examined the case and opined as to the applicable standard
of care, that it was breached, and that there is a causal relationship between the failure to meet the
standard of care and the injury, harm, or damages claimed." Id. Plaintiffs have a statutory obligation
to file a timely expert report even if causation is commonly understood. See Hector v. Christus
Health Gulf Coast, 175 S.W.3d 832, 838-39 (Tex. App.--Houston [14th Dist.] 2005, pet. denied)
(holding that even though the case involved a suit in which plaintiff fell from the operating table, it
was still appropriate to dismiss the suit for failure to timely file an expert report); see also
Marichalar, 198 S.W.3d at 256 (holding that even for cases involving res ipsa loquitur, an expert
report is needed on the issue of causation). Because we find the statute requires an expert's opinion regarding causation in the purported
expert reports, we next consider whether Nurse Posani or Dr. Cervantes were qualified as experts
to opine on the issue of causation.

2. Nurse Posani

 The first report submitted by Cuellar was that of Nurse Posani. As a nurse, Posani could
testify about issues within her knowledge, skill, experience, and training. See Tex. R. Evid. 702. 
However, the applicable definition of an "expert" is found in section 74.351(r)(5)(C), which
specifically requires "a physician who is otherwise qualified to render opinions on such causal
relationship under the Texas Rules of Evidence." Tex. Civ. Prac. & Rem. Code Ann.
§ 74.351(r)(5)(C) (emphasis added). (1) Because Posani is not a physician she is not qualified to
testify as an expert witness on the issue of causation. Id. § 74.351(r)(5)(C); see Hillcrest Baptist
Med. Ctr. v. Wade, 172 S.W.3d 55, 60 (Tex. App.--Waco 2005, pet. dism'd) (citing Tex. Civ. Prac.
& Rem. Code Ann. § 74.403(a)) (holding that a nurse is not qualified to render an expert opinion
regarding causation); Costello v. Christus Santa Rosa Health Care Corp., 141 S.W.3d 245, 249
(Tex. App.--San Antonio 2004, no pet.). 

3. Dr. Cervantes

 The second report submitted by Cuellar was that of Dr. Cervantes. The record indicates Dr.
Cervantes is licensed to practice medicine in the state of Coahuila, Mexico. Because nothing in the
record indicates Dr. Cervantes is licensed in Texas or any of the states of the United States, he does
not meet the statutory definition of a "physician," and, therefore, is not qualified to testify on the
issue of causation. See Tex. Civ. Prac. & Rem. Code Ann. §§ 74.001(a)(23)(A), 74.401(g)(1),
74.403 (Vernon 2005).

4. Conclusion

 Neither Nurse Posani nor Dr. Cervantes are qualified as an "expert" capable under the statute
of opining on causation. Id. § 74.351(r)(5)(C). Because neither Nurse Posani or Dr. Cervantes were
qualified to give an opinion on causation, the reports, when taken together, constitute "no report"
as to causation. Accordingly, the purported expert reports filed by Cuellar did not constitute a "good
faith effort" to comply with the statutory requirements and the trial court properly dismissed the suit. 
 Id. § 74.351(l); see Palacios, 46 S.W.3d at 877. Therefore, the trial court did not err in dismissing
the suit. 

THIRTY-DAY EXTENSION

 Finally, Cuellar asserts he should have been granted a thirty-day extension under section
74.351(c) to cure any alleged defect in the expert reports. We review the trial court's decision to
deny a request for a thirty-day extension under an abuse of discretion standard. See Walker v.
Gutierrez, 111 S.W.3d 56, 62 (Tex. 2003); Hargrove v. Denno, 40 S.W.3d 714, 716 (Tex.
App.--San Antonio 2001, no pet.). Failure to serve an adequate report mandates dismissal with
prejudice. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b). However, section 74.351(c) provides
that, "[i]f an expert has not been served within the period specified by Subsection (a) because
elements of the report are found deficient, the court may grant one thirty-day extension to the
claimant in order to cure the deficiency." Id. § 74.351(c). (2)

 Both Nurse Posani and Dr. Cervantes fail to meet the statutory requirements regarding an
expert qualified to testify on causation under section 74.351(r)(5)(C). Section 74.351(c) vests the
trial court with the discretion to grant an extension, but only to cure deficiencies in the existing
reports. Id. § 74.351(c). There is nothing in section 74.351 that allows Cuellar to file a new report
that would properly address causation. Danos v. Rittger, No. 01-06-00350-CV, 2007 WL 625816,
at *3 (Tex. App.--Houston [1st Dist.] Mar. 1, 2007, pet. filed); De La Verne v. Turner, No. 04-06-00722-CV, 2007 WL 1608872, at *2-3 (Tex. App.--San Antonio June 1, 2007, no pet. h.). Because
Cuellar could cure the deficiency in the two reports only by obtaining a new report from a properly
qualified physician addressing causation, the trial court did not abuse its discretion by failing to grant
Cuellar a thirty-day extension to cure. See De La Verne, 2007 WL 1608872, at *3.CONCLUSION

 We overrule Cuellar's issues on appeal and affirm the trial court's order of dismissal.


 Sandee Bryan Marion, Justice





1. This same language is found in section 74.403, which is entitled "Qualifications of Expert Witness on
Causation in Health Care Liability Claim." Id. § 74.403(a).

 
2. Former article 4590i, section 13.01(d) emphasized giving the claimant an opportunity to comply with the
subsection, which in its current version, section 74.351(c), has been altered to emphasize the need to cure the
deficiency in the report. Danos, 2007 WL 625816, *3 (comparing the provisions under former 4590i, section 13.01
and the current section 74.351).