

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00052-CV

IN THE INTEREST OF P.J., JR., A
CHILD

----------

FROM THE 325TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant M.J. (Mother) appeals the trial court's order in this suit affecting the parent-child relationship (SAPCR) between her and P.J. Sr. (Father) concerning their child, P.J. Jr. (Junior).[2] We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

[2]We use aliases for the child and the parents throughout this opinion. *See* Tex. R. App. P. 9.8(b)(2).

**Background Facts**

Mother and Father began living together in September 2006. Mother gave birth to Junior in August 2008. Mother and Father separated in February 2011.

On August 29, 2012, Father filed a SAPCR petition alleging that Mother had committed family violence during the two-year period before the filing of the petition, and he requested supervised visitation with Junior for Mother. Father also sought temporary child support from Mother for Junior and injunctive relief. Mother was served with citation on September 10, 2012, but did not file an answer.

A hearing was held on November 27, 2012. Mother did not appear. After the hearing, the trial court found that Mother had defaulted. It granted Father immediate possession of Junior and ordered that Mother's visitation with Junior be supervised. The trial court also permanently enjoined Mother from causing physical contact or bodily injury to Junior or to Father or threatening them with imminent bodily injury; from communicating with Father except for arranging visitation or notifying him of circumstances affecting Junior's best interest; and from coming within fifty feet of Father's residence. The trial court ordered that Mother pay $200 in child support and $25 in medical support each month.

On December 26, 2012, Mother filed a motion for new trial, arguing that her failure to file an answer was not intentional or the result of conscious indifference. On January 11, 2013, Mother filed an amended motion for new trial to which she attached an affidavit stating that she did not appear because she

2

had been in the hospital "soon after getting service" and because she was "taking care of [Junior,] . . . pay[ing for] lunch, clothing and shoes [and] socks[,] and pictures." The trial court held a hearing on Mother's motion on January 31, 2013. Mother testified that she did not appear because she was "caught up in everything that [she] had to deal with at the time" and said she had been busy "dealing with CPS at the time." The trial court denied Mother's motion for new trial, stating that there was "not good cause for failing to file an answer for two months despite the pregnancy, and pregnancy is not a disability." Mother then filed this appeal.[3]

## Discussion

### I. Mother's motion for new trial

In her fourth issue, Mother argues that the trial court abused its discretion by denying her motion for new trial. She argues that the trial court's statement that there was "not good cause for failing to file an answer for two months despite the pregnancy, and pregnancy is not a disability," demonstrated that the trial court applied the wrong standard of review.

The requirements for setting aside a default judgment by motion for new trial were set forth by the supreme court in *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939). The movant must (1) establish that the failure to answer was not intentional or the result of conscious indifference,

---

[3]Father did not file an appellate brief in response.

3

(2) set up a meritorious defense, and (3) demonstrate that setting aside the default will not cause a delay or otherwise injure the plaintiff.  *Id.*  "While trial courts have some measure of discretion in the matter, as, in truth, they have in all cases governed by equitable principles, it is not an unbridled discretion to decide cases as they might deem proper, without reference to any guiding rule or principle."  *Id.*

A defaulting party must provide some excuse, though not necessarily a good excuse, for failing to timely file an answer or appear.  *See McClure v. Landis,* 959 S.W.2d 679, 681 (Tex. App.—Austin 1997, writ denied); *Ferrell v. Ferrell*, 820 S.W.2d 49, 50 (Tex. App.—Corpus Christi 1991, no writ) (noting that some excuse, but not necessarily a good excuse, will suffice).  If a defendant's factual assertions are not controverted by the plaintiff, the defendant satisfies her burden if she has set forth facts which, if true, negate a finding of intentional or consciously indifferent conduct.  *Director, State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994).

In her motion for new trial, Mother's excuse for not filing an answer or appearing at trial was that she "was 7 months preg[n]ant in the hospital soon after getting service with the petition for custody on my child [Junior] that I was taking care of in school[,] pay[ing for] lunch, clothing and shoes [and] socks[,] and pictures."  At the hearing on her motion, Mother stated,

> And I didn't get to reach—to make that court hearing, because I had a lot of things that I was dealing with.  I was eight[ ]months pregnant, back and forth and whatnot.  I was going through classes

4

and met on Saturdays, and it was on Lancaster for counseling. And I was pretty much, you know, caught up in everything that I had to deal with at the time to not appear at the court date that was issued on the 26th of November.

Mother's stated reasons do not satisfy her burden under *Craddock*. She did not say that she had been hospitalized for the entire two months from the time she was served in early September 2012 to the time the hearing was held in late November 2012. *See Liberty Mut. Fire Ins. Co. v. Ybarra*, 751 S.W.2d 615, 617–18 (Tex. App.—El Paso 1988, no writ) (holding that defendant's affidavit that contained only general statements with no dates or other verifying information did not disprove its conscious indifference). She did not claim to have classes or other obligations on the trial date nor did she request a continuance or otherwise make any inquiry into the case. *See In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006) ("Not understanding a citation and then doing nothing following service does not constitute a mistake of law that is sufficient to meet the *Craddock* requirements.") (citing *Bank One, Tex., N.A. v. Moody*, 830 S.W.2d 81, 84 (Tex. 1992)); *Johnson v. Edmonds*, 712 S.W.2d 651, 652–53 (Tex. App.—Fort Worth 1986, no writ) (stating that default judgments are appropriate when the defendant failed "to take some action which would seem indicated to a person of reasonable sensibilities under the same circumstances"). Instead, she made the intentional choice not to answer Father's petition, to inquire about the status of the case, or to notify the trial court of her inability to appear at trial. *See O'Connell v. O'Connell*, 843 S.W.2d 212, 218 (Tex. App.—Texarkana 1992, no

writ) (upholding a default judgment when defendant "did not act as a reasonable person would have in preparation for the trial date"); *Johnson*, 712 S.W.2d at 653 (affirming a default judgment when the appellant "neither sought help nor advice nor made inquiry about the import of the 'papers' he had received").

Further, Mother failed to set up a meritorious defense. Merely alleging that the party has a meritorious defense does not satisfy *Craddock*. "The motion must allege *Facts* which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense." *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966). Mother's motion states merely that she has a defense, but in her affidavit, Mother did not testify to any facts constituting a defense. *See Wal–Mart Stores, Inc. v. Kelley*, 103 S.W.3d 642, 644 (Tex. App.—Fort Worth 2003, no pet.) (holding there was no showing of a meritorious defense where there was no evidence submitted regarding a defense and neither of the affidavits attached to the motion testified to facts regarding such a defense); *Wiseman v. Levinthal*, 821 S.W.2d 439, 442 (Tex. App.—Houston [1st Dist.] 1991, no writ) (holding that unverified factual allegations do not satisfy the first prong of *Craddock*).

Because Mother failed to set up a meritorious defense and because she exhibited conscious indifference toward the proceedings, the trial court did not err by denying her motion for new trial. We overrule Mother's fourth issue.

6

**II. Sufficiency of the evidence establishing Father's paternity**

In Mother's first and second issues, she argues that Father failed to establish standing because he did not establish his paternity.

At the beginning of the hearing on Father's petition, the trial court erroneously believed that Mother and Father were married and that Father was seeking a divorce. At the end of the hearing, the trial court realized that Mother and Father were not married. The trial judge asked Father,

> Q. (BY THE COURT) Okay. Y'all weren't married, y'all just lived together?
>
> A. No, we just lived together.
>
>   . . . .
>
> Q. Okay. You're on the birth certificate?
>
> A. Yes, on—yes.
>
> Q. Okay. Okay. Go ahead and have a seat. I thought y'all were married. It's not a divorce, but the SAPCR is approved.

Mother argues that "[b]eing named on a birth certificate, without more, does not clothe a man with a presumption of paternity." *In re M.E.H.*, No. 02-05-00119-CV, 2006 WL 909936, at *1 (Tex. App.—Fort Worth Apr. 6, 2006, no pet.) (mem. op.). There is, however, more evidence than Father's testimony that he is on Junior's birth certificate. A man is presumed to be the father of a child if "during the first two years of the child's life, he continuously resided in the household in which the child resided and he represented to others that the child was his own." Tex. Fam. Code Ann. § 160.204(a)(5) (West 2008). Father

testified that he and Mother were living together when Junior was born in August 2008, and they continued to live together until February 2011. Father also represented that Junior was his child. He testified that he signed up Junior for Medicaid and food stamps and that he "do[es] most of the providing for [Junior]." He referred to Junior as "[his] child" in his petition and averred that he had standing because he was Junior's parent. The evidence was therefore sufficient to support the unrebutted presumption that Father is Junior's father. We overrule Mother's first and second issues.

## III. Relief granted

In her third issue, Mother argues that the trial court violated her constitutional right to due process when it erred by granting Father relief for which he had not pleaded. She argues that Father failed to request that the court make provisions for conservatorship and access to Junior and for child support and medical support.

Mother did not present this argument to the trial court. *See* Tex. R. App. P. 33.1; *see also In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003), *cert. denied*, 541 U.S. 1043 (2004) (noting that to preserve issue for appellate review, including constitutional error, party must present to trial court a timely request, motion, or objection, state specific grounds therefore, and obtain ruling.); *In re S.G.*, No. 09-09-00284-CV, 2010 WL 2541919, at *2 (Tex. App.—Beaumont June 24, 2010, no pet.) (holding that mother waived constitutional due process argument in

8

context of a SAPCR).  Even if Mother had preserved this issue, we must overrule it.

A default judgment must be supported by the pleadings.  *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979); *see* Tex. R. Civ. P. 301; *In re A.B.H.*, 266 S.W.3d 596, 599 (Tex. App.—Fort Worth 2008, no pet.) (op. on reh'g).  The defendant must have fair notice of the plaintiff's cause of action and the relief sought.  *McKnight v. Trogdon–McKnight*, 132 S.W.3d 126, 131 (Tex. App.—Houston [14th Dist.] 2004, no pet.).  "Generally, a pleading provides fair notice of a claim when an opposing attorney of reasonable competence can examine the pleadings and ascertain the nature and basic issues of the controversy and the relevant testimony."  *Taylor v. Taylor*, 337 S.W.3d 398, 401 (Tex. App.—Fort Worth 2011, no pet.) (op. on reh'g) (citing *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000)).

In the context of SAPCRs, however, detailed pleadings are not required because the trial court's paramount concern is the best interests of the child.  *See Aguilar v. Barker*, 699 S.W.2d 915, 917 (Tex. App.—Houston [1st Dist.] 1985, no writ); *Boriack v. Boriack*, 541 S.W.2d 237, 242 (Tex. App.—Corpus Christi 1976, writ dism'd).  Therefore, the technical rules of pleading and practice may be of little importance.  *See Leithold v. Plass*, 413 S.W.2d 698, 701 (Tex. 1967) (holding technical rules of practice and pleadings are of little importance in determining issues concerning custody of children).  A court may even award child support without any request for it in the pleadings.  *See Wolters v. White*,

9

659 S.W.2d 885, 888 (Tex. App.—San Antonio 1983, writ dism'd w.o.j.); *Boriack*, 541 S.W.2d at 242.

Father's petition is a preprinted form with blanks and check boxes. Under the "Standing" section, Father wrote

> The child [Junior] I feel like is in a dangerous situation because[] there are more than 12 or 13 people living in a 3 bedroom home in which my child and [his] mother reside in a garage, also there are problems with cleanliness and the child ([Junior]) being properly cared for, as far as food, clothing, properly nourished . . . . There's also a history of drug use by the mother and the other residents in the home. [Junior] is under the age of 5 and unable to protect himself. [Mother] is currently pregnant and tested positive for marijuana. [Mother] lacks parenting skills and has lost one child to CPS custody due to her drug use . . . .

Father did not check any boxes under "Conservatorship & Access" regarding who he was requesting the trial court name as the managing and possessory conservators. He did check a box stating, "Respondent has committed family violence during the two-year period before I filed this case. I ask the Court to keep Respondent away from the children. But if the Court will not deny Respondent visitation, I ask that the Court order that Respondent's visitation be supervised . . . ." On the next page, Father wrote, "I think that [Mother] should continue with supervised visitation because she is not a responsible parent to be left alone with any child or until evaluated monthly."

Father did not check the box under the "Support" section, but under "Request for Temporary Orders," he checked a box requesting that Mother "pay statutory child support, health insurance premiums for the children, and half of

10

the children's uninsured medical expenses, private school tuition or day-care expenses during this case."

Father's petition, although not an example of clarity, was sufficient to put Mother on notice that he was seeking possession of Junior and to establish supervised visitation, which would necessitate a determination of conservatorship and access. The trial court was also within its discretion to award child support in Junior's best interest. *See Wolters*, 659 S.W.2d at 888. We therefore overrule Mother's third issue.

## Conclusion

Having overruled Mother's issues on appeal, we affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL: WALKER, MCCOY, and GABRIEL, JJ.

DELIVERED: December 19, 2013