Diane THOMAS, Appellant,

v.

HEALTHMARK PARTNERS, L.L.C. d/b/a Gulf Health Care Center—Texas City and Gulf Health Care, Inc. d/b/a Gulf Health Care Center—Texas City, Appellees.

No. 14–01–01040–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 17, 2002.

Helene Bergman, Houston, for appellants.

Deanna Dean Smith, Marvin C. Moos, Houston, for appellees.

Panel consists of Justices YATES, SEYMORE and GUZMAN.

## OPINION

CHARLES W. SEYMORE, Justice.

This is an appeal from the trial court's order denying appellant Diane Thomas' second motion for extension of time to file an expert report under the Medical Liability and Insurance Improvement Act. We affirm.

### I. Background

On July 27, 2000, Appellant Diane Thomas filed suit against Healthmark Partners, L.L.C. d/b/a/ Gulf Health Care Center[1] and Gulf Health Care, Inc. d/b/a Gulf Health Care Center—Texas City[2], alleging that her mother, Ms. Lucy Thomas, was abused and mistreated when she was a patient at the Gulf Health Care Center in Texas City. Thomas's claims against Gulf Health Care Center are subject to the requirement under the Medical Liability and Improvement Act that a report and curriculum vitae from an expert be filed within 180 days from the date suit is filed. Appellant did not file the report and curriculum vitae before expiration of the 180 day period, which ended on January 23, 2001. On June 26, 2001, eleven months after suit was filed, Thomas submitted a motion for a grace period to give her an additional thirty days to submit the expert report, citing TEX.REV.CIV. STAT. ANN. art. 4590i, section 13.01(g) as support. Thomas's reason for requesting the grace period was her counsel's lack of knowledge of the requirement for filing the expert report. On July 18, 2001, the trial court granted Thomas's motion for a thirty day grace period and set the new deadline to file the expert report for August 17, 2001. On August 25, 2001, seven days after expiration of the grace period, Gulf Health Care Center moved for dismissal. On October 3, 2001, following a series of responses, the litigants appeared before the trial court for a hearing on appellant's motion to dismiss. Thomas requested another grace period, asserting that a member of her attorney's staff failed to calendar the new deadline while the attorney was on vacation. She argued for an extension under article 4590i, section 13.01(g) and Texas Rules of Civil Procedure 5. On October 3, 2001, the trial court granted Gulf Health Care Center's motion to dismiss. This appeal followed.

### II. Did the Trial Court Err in Denying a Second Grace Period under Section 13.01(g)?

In Thomas's first point of error, she argues that the trial court erred in

---

1. The claims against appellee, Healthmark Partners L.L.C. d/b/a Gulf Health Care Center—Texas City were dismissed on July 18, 2001. Healthmark Partners L.L.C. d/b/a Gulf Health Care Center—Texas City has not perfected any issues for appellate review.

2. Gulf Health Care, Inc. d/b/a Gulf Health Care Center—Texas City was dismissed on October 3, 2001 pursuant to the trial court's order which is the subject of this appeal.

denying her motion for a grace period under article 4590i, section 13.01(g). We review the trial court's decision to deny a request for a grace period under an abuse of discretion standard. *Marquez v. Providence Mem. Hosp.*, 57 S.W.3d 585, 590 (Tex.App.-El Paso 2001, no pet.); *Hargrove v. Denno*, 40 S.W.3d 714, 716 (Tex. App.-San Antonio 2001, no pet.). To establish an abuse of discretion, the complaining party must show that the trial court's action was arbitrary or unreasonable in light of all the circumstances in the case. *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex.1984). Stated differently, an abuse of discretion is determined by examining whether the trial court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985).

■ If a plaintiff does not timely comply with the requirements for production and filing of expert reports, she has three avenues to seek more time under the statute. Under subsection (f), the trial court may extend the 180–day period to file an expert report for an additional thirty days if a motion to extend is filed and, after a hearing, the trial court finds there is good cause to grant the extension. TEX.REV.CIV. STAT. ANN. art. 4590i, section 13.01(f) (Vernon Supp.2002). The trial court has discretion to extend the filing deadline for an additional thirty days from expiration of the 180th day from the date suit is filed. *Whitworth v. Blumenthal*, 59 S.W.3d 393, 397 (Tex.App.-Dallas 2001, pet. dism'd by agr.); *Landry v. Ringer*, 44 S.W.3d 271, 274 (Tex.App.-Houston [14th Dist.] 2001, no pet.). Subsection (h) allows parties to enter into a written agreement for extension of the 180–day period if the agreement is signed, and filed with the trial court. *Id.* § 13.01(h).

A careful reading of subsection (d) is beneficial. Section 13.01(d) provides, "[n]ot later than the 180th day after the date on which a health care liability claim is filed or the last day of any extended period established under Subsection (f) or (h) of this section, the claimant shall, . . . .". Section 13.01(d) thus contemplates three possible deadlines. The first is the initial 180–day deadline. The second is an extended deadline granted under subsection (f). The third is an extended deadline granted by agreement under section (h). Subsection (g) is excluded from this list. It is clear from the text that after a grace period is granted under subsection (g), a claimant is no longer operating subject to a deadline imposed by subsection (d). Subsection (g) provides:

> [n]otwithstanding any other provision of this section, if a claimant has failed to comply with a deadline established by Subsection (d) of this section and after a hearing the court finds that the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake, the court shall grant a grace period of 30 days to permit the claimant to comply with that subsection. A motion by a claimant for relief under this subsection shall be considered timely if it is filed before any hearing on a motion by a defendant under Subsection (e) of this section.

*Id.* at § 13.01(g).

■ Thomas missed the 180–day statutory deadline for filing an expert report. She petitioned the trial court for a grace period under article 4590i, section 13.01(g). The trial court granted her a thirty day grace period. A grant of a thirty day grace period under 13.01(g) may occur at any time after the deadline for filing the expert report has passed, before trial, and is not limited to the 210 day requirement under 13.01(f). *See McClure v. Landis*,

959 S.W.2d 679, 681 (Tex.App.-Austin 1997, pet. denied) (thirty day grace period granted 249 days after the filing of the suit).

Because the court previously granted a 30 day grace period under subsection (g), we hold Thomas may not rely on subsection (g) again, in order to save her case. We conclude that subsection (g) applies only when a plaintiff fails to comply with a subsection (d) deadline. *See Whitworth v. Blumenthal,* 59 S.W.3d 393, 399–400 (Tex. App.-Dallas 2001, pet. dism'd by agr.). While subsection (d) deadlines include subsection (f) *extensions,* they do not include subsection (g) *grace periods.* A plaintiff cannot obtain a subsection (g) *grace period* by showing that his failure to comply with a previous *grace period* was due to accident or mistake. A *grace period* under subsection (g) is limited to 30 days. *Id. at* 400.

Because we find the statutory language to be unambiguous, we adopt the interpretation supported by the plain meaning of the words and terms. *Fitzgerald v. Advanced Spine Fixation Sys., Inc.,* 996 S.W.2d 864, 865 (Tex.1999). Appellant's first request for a grace period under subsection (g) constituted her effort to persuade the trial court that her failure to timely file the report was not intentional or the result of conscious indifference. The trial judge was persuaded and granted the first request. However, the trial court was constrained to grant a second 30 day grace period by the plain language of the statute. According, we cannot conclude that the trial court abused its discretion by denying appellant's second request.

We overrule appellant's first point of error.

### III. Did the Trial Court Err in Denying a Second Extension under TRCP 5?

In her second point of error, appellant argues that the trial court erred in denying her motion for an extension of time to file an expert report under Texas Rule of Civil Procedure 5. TEX.R. CIV. P. 5. Rule 5 is essentially a last resort for seeking an extension of any filing deadlines. A Rule of Civil Procedure may not be used to extend a time period specifically enumerated under article 4590i, section 13.01. *See In re Hourani,* 20 S.W.3d 819, 826 (Tex. App.-Houston [14th Dist.] 2000, no pet.) (holding that an administrative judge could not use Texas Rule of Civil Procedure 166 to extend the deadline for objections under Government Code, section 74.053(b), and requiring any limitation, expansion, or elimination of the provision to be made by the legislature); *see also Kirkpatrick v. Hurst,* 484 S.W.2d 587, 589 (Tex.1972). (holding that Texas Rule of Civil Procedure 4 may not be applied to enlarge the filing period).

Subsection (p) of article 4590i, section 13.01 provides in part: "[i]n the event of a conflict between this section and another law, including a rule of procedure or court rule, this section controls to the extent of the conflict." TEX.REV.CIV. STAT. ANN. art. 4590i, section 13.01. Accordingly, we overrule appellant's second issue.

### IV. Did Thomas's expert report fulfill the content of 4590i, section 13.01(r)(6)?

In her final issue, Thomas contends her expert's report met the requirements of article 4590i, section 13.01(r)(6). Because we hold that the trial court's denial of Thomas's request for an extension was proper, we do not reach this issue.

We acknowledge the candor of appellant's counsel regarding the circumstances surrounding her failure to timely file the expert report. However, we are con-

strained by the clear language of 4590i, section 13.01 and the standard that governs our review of the trial court's decision.

The decision of the trial court is affirmed.