Opinion issued June 9, 2005



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00172-CV




ELSA V. MOCEGA, Appellant

V.

BRADFORD URQUHART, M.D., Appellee




On Appeal from the 215th District Court
Harris County, Texas
Trial Court Cause No. 1999-36489




MEMORANDUM OPINION
          Appellant, Elsa V. Mocega, sued appellee, Bradford Urquhart, M.D., alleging
negligence arising out of the care and treatment of her hand injury. The case was
twice dismissed by the trial court because of Mocega’s failure to file an expert report
within 180 days of filing suit, as required by the Medical Liability and Insurance
Improvement Act [MLIIA].


 In this appeal, we consider (1) our jurisdiction to
consider the appeal and (2) whether the trial court erred by dismissing the case a
second time. We affirm.
Background
The Previous Appeal
          Mocega filed suit against Urquhart on July 16, 1999. On March 22, 2000, 249
days after Mocega filed suit, Urquhart moved to dismiss her claims because of
Mocega’s failure to comply with the statutory requirement that she file an expert
report within 180 days of filing suit.
          On April 3, 2000, the trial court granted Urquhart’s motion and dismissed
Mocega’s claims with prejudice. Mocega then moved for reconsideration, alleging
that her attorney had not received notice of the dismissal hearing. The trial court
granted Mocega’s motion for reconsideration and reinstated her case. Mocega then
filed a motion for a 30-day “grace period” in which to file her expert report. The trial
court, however, rescinded its order of reinstatement and the case was dismissed.
          Mocega appealed the dismissal of her claims to the Fourteenth Court of
Appeals. On February 7, 2002, despite finding the record “replete with missed
deadlines and promises by Mocega’s counsel, and devoid of any expert support,” the
Fourteenth Court of Appeals “reluctantly revers[ed] and remand[ed].” Mocega v.
Urquhart, 79 S.W.3d 61, 62 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). 
In doing so, it held that the trial court erred by refusing to grant Mocega a 30-day
“grace period” in which to file her expert report because Mocega’s counsel had
produced sufficient evidence to show that he did not have adequate notice of the
dismissal hearing. Id. at 65. On April 18, 2003, the court of appeals issued its
mandate, which “REVERSED and REMAND[ed] the cause for proceedings in
accordance with the court’s opinion.”
The Present Appeal
          On October 3, 2003, 265 days after Fourteenth Court of Appeals issued its
mandate reversing the first dismissal, Urquhart filed a second motion to dismiss based
on Mocega’s continuing failure to file an expert report. On October 15, 2003,
Mocega filed a response to Urquhart’s motion to dismiss and a motion for leave to
extend time to file her expert report.
          On October 20, 2003, the trial court granted Mocega’s motion for a 30-day
extension of time to file her expert report. On October 28, 2003, Urquhart filed a
motion to reconsider the trial court’s October 20 ruling. Specifically, Urquhart
pointed out that Mocega was not entitled to a 30-day “grace period” because her
motion did not allege that her failure to file the expert report was not intentional or
the result of conscious indifference, but was the result of accident or mistake.
          On November 5, 2003, the trial court again dismissed Mocega’s claims for
filing to file an expert report. This appeal followed.
Jurisdiction
          Urquhart contends that Mocega’s motion for new trial, which was filed on the
35th day after judgment, was untimely. See Tex. R. Civ. P. 329b(a). Urquhart argues
that, because the motion for new trial was untimely, then Mocega’s notice of appeal
was also untimely. See Tex. R. App. P. 26.1(a)(1), 26.3.
          The judgment in this case was signed on November 5, 2003. The judgment
was a final judgment even though it disposed of only the claims against Urquhart, and
not the claims against Dr. Linn, a defendant who was never served. See M.O. Dental
Lab v. Rape, 139 S.W.3d 671, 673 (Tex. 2004) (holding that judgment which
disposed of all named parties except one who had never been served was “final” for
purposes of appeal). However, the record shows that, on November 26, 2003, while
the trial court retained plenary power, it granted a nonsuit of Dr. Linn. See Tex. R.
Civ. P. 329b(d) (“[R]egardless of whether an appeal has been perfected,” trial court
retains “plenary power to grant a new trial or to vacate, modify, correct, or reform the
judgment within thirty days after the judgment is signed.”). This act by the trial court
effectively modified the previous final judgment by explicitly nonsuiting the claims
against Dr. Linn. See Check v. Mitchell, 758 S.W.2d 755, 756 (Tex. 1988) (“Any
change, whether or not material or substantial, made in a judgment while the trial
court retains plenary power” will restart the appellate timetable from the date the
modified judgment is signed.”).


 As such, Mocega’s appellate timetable began to run
anew from November 26, 2003. See In re J.L., 48 Tex. Sup. Ct. J. 559, slip. op. at 4
(Nov. 30, 2004) (“[B]ecause the trial court actually modified and corrected its
judgment while it retained plenary power jurisdiction to do so, the time for filing the
notice of appeal must be calculated from the date of the new final judgment.”); see
also Tex. R. Civ. P. 329b(h) (“If a judgment is modified, corrected, or reformed in
any respect, the time for appeal shall run from the time the modified, corrected, or
reformed judgment is signed . . . .”). Mocega’s motion for new trial, which was filed
on December 10, and her notice of appeal, which was filed on February 24, 2004,
were both timely. See Tex. R. App. P. 26.1(a)(1), 26.3.
          We overrule Urquhart’s motion to dismiss for want of jurisdiction.
Dismissal for Failure to File Expert Report
          In her sole point of error, Mocega argues that she was not required to show that
her failure to file the expert report was not intentional or the result of conscious
indifference because that fact had already been established by the Fourteenth Court
of Appeals in its previous opinion.
          The MLIIA provides that if a claimant fails to timely file her expert report
within the time required, “the court shall, on the motion of the affected physician or
health care provider, enter an order awarding sanctions against the claimant or the
claimant’s attorney.” Act of May 5, 1995, 74th Leg., R.S., C.H.. 140, § 1, sec.
13.01(e), 1995 Tex. Gen. Laws 985-87 (repealed 2003). The sanctions available
include the dismissal of the claimant’s action against the defendant with prejudice. 
Id.
          If a plaintiff does not timely comply with the requirement of producing and
filing an expert report, there are three possible ways to seek more time to do so under
the statute. See Thomas v. Healthmark Partners, L.L.C., 93 S.W.3d 465, 467 (Tex.
App.—Houston [14th Dist.] 2002, pet. denied). First, the trial court may extend the
180-day period to file an expert report for an additional 30 days if a motion to extend
is filed, and if, after a hearing, the trial court finds there is good cause to grant the
extension. Id. Second, the parties may enter a written agreement for an extension of
the 180-day deadline, if the agreement is signed and filed with the court. Id. The
third method for seeking more time to file an expert report, and the method applicable
to this case, is to seek a 30-day “grace period” under subsection (g) of the statute,
which provides:
Notwithstanding any other provision of this section, if a claimant has
failed to comply with a deadline established by Subsection (d) of this
section and after hearing the court finds that the failure of the clamant
or the claimant’s attorney was not intentional or the result of conscious
indifference but was the result of an accident or mistake, the court shall
grant a grace period of 30 days to permit the claimant to comply with
that subsection. A motion by a claimant for relief under this subsection
shall be considered timely if it is filed before any hearing on a motion
by a defendant under subsection (e) of this section.

Act of May 5, 1995, 74th Leg., R.S., C.H.. 140, § 1, sec. 13.01(g), 1995 Tex. Gen. 
Laws 985-87 (repealed 2003).
          Urquhart argues that the trial court properly refused to grant Mocega a 30-day
grace period because (1) the grace period granted by the Fourteenth Court of Appeals
had already expired and (2) Mocega did not allege that her failure to file the report
was the result of accident or mistake.
          Regarding Urquhart’s first argument, the Fourteenth Court of Appeals did not
render a judgment granting Mocega a 30-day grace period. Instead, the court held
that the trial court erred by dismissing Mocega’s claims without granting her a 30-day
grace period. Mocega v. Urquhart, 79 S.W.3d at 65. The mandate issued by the
Fourteenth Court of Appeals did nothing more than reverse the trial court’s previous
dismissal order and remand the case for further proceedings. It did not begin the
running of a 30-day grace period.
          Regarding Urquhart’s second argument, we note that the Fourteenth Court of
Appeals held that Urquhart’s previous motion to dismiss should not have been
granted because Mocega should have been granted an additional 30-days to file an
expert report in light of her counsel’s lack of notice of the first dismissal hearing. We
cannot assume that the Fourteenth Court of Appeals intended that its holding, that
Mocega did not receive notice of the first hearing, to provide a “permanent excuse”
upon which a subsequent 30-day grace period to a second motion to dismiss could be
granted. Just as Urquhart was required to file a new motion to dismiss after the
appellate remand, Mocega was required to show that she was entitled to a new 30-day
“grace period.” This she did not do. Mocega made no attempt to carry her burden
of proving that her continued failure to file an expert report was caused by an
accident or mistake. See Pfeiffer v. Jacobs, 29 S.W.3d 193, 198 (Tex.
App.—Houston [14th Dist.] 2000, pet. denied) (holding that plaintiff, as movant on
motion to extend time under subsection (g), bears burden of establishing that she did
not act intentionally or with conscious indifference in failing to timely file expert
report). As such, the trial court did not err in granting Urquhart’s second motion to
dismiss Mocega’s claims.
          We overrule Mocega’s sole point of error. 
Appellate Sanctions
          Urquhart has requested that we impose sanctions against Mocega for filing a
frivolous appeal. See Tex. R. App. P. 45. Rule 45 allows an appellate court, after a
determination that an appeal is frivolous, to award the prevailing party “just
damages.” Tex. R. App. P. 45. Although Rule 45 does not proscribe a method for
determining an amount of “just damages,” courts have typically awarded the amount
of attorney’s fees incurred by the appellee as proven by testimony or affidavit. See
Smith v. Marshall B. Brown, P.C., 51 S.W.3d 376, 382 (Tex. App.— Houston [1st
Dist.] 2001, pet. denied) (awarding appellees $5,000 in attorney’s fees proven by
affidavit); Mid-Continent Cas. v. Safe Tire Disposal Corp., 2 S.W.3d 393, 397 (Tex.
App.—San Antonio 1999, no pet.) (awarding $5,000 in attorney’s fees that appellee
proved it would incur if an appeal were filed). 
          In this case, Urquhart, in his appellate brief, requests $1,000 “for preparing and
arguing this motion, award Appellee damages in an amount to be determined by the
Court for Appellee’s filing of this second frivolous appeal, and for all other relief for
which Appellee is justly entitled.” However, Urquhart did not attach an affidavit to
establish proof, in any manner, of his attorney’s fees. While we are sympathetic with
Urquhart for the long delay caused by Mocega’s continuing refusal to file an expert
report, and the two appeals resulting therefrom, we are not inclined to award
attorney’s fees based on unsworn statements in a brief. Accordingly, we deny
Urquhart’s request for sanctions under Rule 45.
          We affirm the judgment of the trial court. 
 
                                                                        Sherry Radack
                                                                        Chief Justice

Panel consists of Chief Justice Radack and Justices Jennings and Hanks.