Bonnie Legere PFEIFFER, Appellant,

v.

James M. JACOBS, D.P.M., Appellee.

No. 14–99–00611–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 10, 2000.

Rehearing Overruled Oct. 19, 2000.

Wiley Doran, Walter J. Kronzer, III, John Neal Spicer, Houston, for appellants.

Carl Dawson, Houston, for appellees.

Panel consists of Justices FOWLER, EDELMAN, and DRAUGHN.[*]

## OPINION

WANDA McKEE FOWLER, Justice.

Appellant, Bonnie Legere Pfeiffer, appeals the dismissal of her medical malpractice claim against Dr. James Jacobs. Pfeiffer complains that the trial court erred in dismissing her claim with prejudice based on her failure to file an expert report within 180 days of filing suit, as required by the Texas Medical Liability and Insurance Improvement Act. According to Pfeiffer, she filed a timely motion for an extension of that deadline. For the reasons set out below, we affirm the trial court's decision.

## BACKGROUND AND PROCEDURAL HISTORY

On April 24, 1998, Pfeiffer filed suit against Dr. Jacobs in the 55th Judicial District Court for Harris County, Texas, alleging medical malpractice arising from surgery that he performed on her right foot. Pfeiffer complained, in particular, that Dr. Jacobs was negligent in performing the surgery and therefore liable for her injuries. In her petition, Pfeiffer acknowledged that her lawsuit was governed by the prerequisites found in the Texas Medical Liability and Insurance Improvement Act, codified as amended at Article 4590i of the Texas Revised Civil Statutes (the "Texas Medical Liability Act").

Section 13.01 of the Texas Medical Liability Act requires that, within 180 days of filing suit, a medical malpractice plaintiff must file an expert report or face sanctions, including but not limited to a dismissal with prejudice. *See* Tex.Rev.Civ.

Stat. Ann. art. 4590i, § 13.01(d). On February 18, 1999, Dr. Jacobs filed a motion to dismiss Pfeiffer's claim with prejudice on the ground that she failed to provide an expert report within the 180-day time period, as required by Section 13.01. The trial court held a hearing on Dr. Jacobs's motion on March 12, 1999, and, on that same day, Pfeiffer filed a motion to extend the time to submit the required expert report. As grounds for an extension of time, Pfeiffer alleged that her attending physician needed additional time to examine her before submitting his report. However, the trial court, believing that it had no discretion in the matter, granted Dr. Jacobs's motion to dismiss without deciding whether the extension was warranted.[1] This appeal followed.

On appeal, Pfeiffer raises the following four issues: (1) whether the trial court is required to dismiss a party's claim if the expert report required under the Texas Medical Liability Act is not filed within 180 days and such party has not filed a motion to extend before the expiration of 180 days; (2) whether Pfeiffer's motion for an extension of time to file the required expert report was timely filed; (3) whether the trial court abused its discretion in denying the Pfeiffer's motion; and (4) whether there was any showing that Pfeiffer's failure to file the expert report was intentional or the result of conscious indifference.

## STANDARD OF REVIEW

 A trial court's dismissal of a medical malpractice claim for failing to comply with the expert report provisions of Section 13.01 is subject to review under an abuse of discretion standard. *See Schorp v. Baptist Mem'l Health Sys.*, 5 S.W.3d 727, 731 (Tex.App.—San Antonio 1999, no pet.) (citing *Wood v. Tice*, 988 S.W.2d 829, 831 (Tex.App.—San Antonio

---

[*] Senior Justice Joe L. Draughn sitting by assignment.

1. The trial court did allow Pfeiffer to make a record on the issue of whether adequate grounds existed to grant the extension.

1999, pet. denied); *Estrello v. Elboar,* 965 S.W.2d 754, 758 (Tex.App.—Fort Worth 1998, no pet.)). A trial court abuses its discretion if it acts without reference to any guiding rules or principles or, in other words, acts in an arbitrary or unreasonable manner. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241 (Tex. 1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). In that regard, a trial court abuses its discretion if it exercises a "vested power in a manner that is contrary to law or reason." *Landon v. Jean–Paul Budinger, Inc.,* 724 S.W.2d 931, 935 (Tex.App.—Austin 1987, no writ).

## EXPERT REPORTS REQUIRED BY THE TEXAS MEDICAL LIABILITY ACT

Pfeiffer concedes that her claim for medical malpractice is governed by the Texas Medical Liability Act. In this appeal, we are asked, as a threshold matter, to determine whether a medical malpractice claimant is required to file her motion for an extension of time to file expert reports before the expiration of the 180–day deadline established by the Texas Medical Liability Act. In turn, we are asked to determine whether Pfeiffer's motion for an extension of the 180–day deadline was timely under that Act.

■ The state legislature enacted the Texas Medical Liability Act "to curtail frivolous claims against physicians and other health care providers." *Wood,* 988 S.W.2d at 830 (citing *Horsley–Layman v. Angeles,* 968 S.W.2d 533, 537 (Tex.App.—Texarkana 1998, no pet.)). To accomplish this goal, Section 13.01(d) of the Texas Medical Liability Act requires a medical malpractice plaintiff to comply with the following prerequisite to liability:

(d) Not later than the later of the 180th day after the date on which a health care liability claim is filed or the last day of any extended period established under Subsection (f) or (h) of this section, the claimant shall, for each physician or health care provider against whom a claim is asserted:

(1) furnish to counsel for each physician or health care provider one or more expert reports with a curriculum vitae of each expert listed in the report of each expert listed in the report; or

(2) voluntarily nonsuit the action against the physician or health care provider.

TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d) (Vernon Supp.1999); *see also Wood,* 988 S.W.2d at 830; *Horsley–Layman,* 968 S.W.2d at 537. The expert report must provide a "fair summary of the expert's opinions ... regarding the applicable standard of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(r)(6). If the claimant fails to comply with the 180–day deadline, "the court shall," upon a proper motion by the defendant, enter sanctions, including a dismissal of the action with prejudice to the claim's refiling. *See id.* at § 13.01(e)(3).

■ In this case, it is undisputed that Pfeiffer's 180–day deadline to file an expert report expired on October 21, 1998. It is likewise uncontroverted that Pfeiffer waited until March 12, 1999, to file her motion to extend the expert report deadline. The trial court denied Pfeiffer's motion, believing that it had no discretion to consider it because it was untimely, stating as follows:

There was a duty on the part of the Plaintiff to bring a report at a hundred and eighty days. And then when that didn't happen, the Plaintiff didn't do anything after the hundred and eighty days, so I don't think I have any discretion. I think that the Legislature means for me to dismiss this case when I don't have a report by a hundred and eighty

days and when I don't have a Motion to Extend.

I agree with you, after having read the Statute, that it's a little ambiguous about when . . . the grace period applies. But since you didn't have a Motion to Extend at the expiration of a hundred and eighty days, I don't think that I have any choice. And I think that is what the Legislature intended, so I am going to grant the Motion to Dismiss.

Pfeiffer contends that the trial court's decision to dismiss her claim was erroneous because the Texas Medical Liability Act does not require motions for extension of time to be filed within the 180–day deadline. Pfeiffer insists, therefore, that her motion to extend the deadline was timely.

■ Pfeiffer appears to claim that her motion was timely under Section 13.01(f) of the Texas Medical Liability Act. Section 13.01(f) provides that the trial court "may, for good cause shown after motion and hearing, extend any time period specified in Subsection (d) of this section for an additional 30 days." Courts interpreting Section 13.01(f) have held that this statute was intended for use when a plaintiff "needs a little extra time to comply" with the 180–day deadline. *See Roberts v. Medical City Dallas Hosp., Inc.*, 988 S.W.2d 398, 402 (Tex.App.—Texarkana 1999, pet. denied); *Estrello*, 965 S.W.2d at 758. However, Section 13.01(f) is expressly limited to a 30–day extension of the 180–day compliance period. *See Estrello*, 965 S.W.2d at 758. At least one Texas court has held that a plaintiff in that limited situation can file a motion under Section 13.01(f) "at any time" during the extended period, to stretch the 180–day period to 210 days. *See Roberts*, 988 S.W.2d at 402. Accordingly, a plaintiff in that situation may file a motion for an extension of time after the expiration of 180 days, but before the expiration of the 210–day period. *See id.* In this instance, we note that Pfeiffer's motion for an extension was filed more than 321 days after the day she initiated her suit. Because her motion was filed after the expiration of the 210–day extended deadline established by Section 13.01(f), her motion was not timely under that provision.

■ Pfeiffer contends further that, because her motion was filed prior to the hearing on Dr. Jacobs's motion to dismiss, it was timely filed under Section 13.01(g) of the Texas Medical Liability Act. Section 13.01(g) also provides for a thirty-day grace period, as follows:

> (g) Notwithstanding any other provision of this section, if a claimant has failed to comply with a deadline established by Subsection (d) of this section and after hearing the court finds that the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake, the court shall grant a grace period of 30 days to permit the claimant to comply with that subsection. A motion by a claimant for relief under this subsection shall be considered timely if it is filed before any hearing on a motion by a defendant under Subsection (e) of this action.

A reading of Section 13.01(g) shows that there is no requirement that the extension be sought before the expiration of 180 days. The statute merely requires that the request for an extension be made "before any hearing" on a motion to dismiss under Section 13.01(e). Although the lapse of time in this case was extended, Pfeiffer's motion for an extension appears to be timely under Section 13.01(g) in this instance because it was filed prior to the hearing on Dr. Jacobs's motion to dismiss. Accordingly, the trial court had discretion to consider Pfeiffer's motion. Pfeiffer's first and second points of error are sustained.

■ However, a finding that Pfeiffer's motion was timely under Section 13.01(g) does not end our inquiry here. In this case, we are also asked to determine whether there was any showing that Pfeiffer's failure to file her expert report was

not intentional or the result of conscious indifference so as to excuse her tardiness under Section 13.01(g). In that respect, we are asked to determine whether the trial court abused its discretion in denying Pfeiffer's motion.

Once it is determined that a motion for an extension under Section 13.01(g) is timely, the court must decide whether the claimant's failure to meet the deadline is excused by accident or mistake, and was not intentional or the result of conscious indifference. The plaintiff, as movant, has the burden "to show some excuse of accident or mistake to establish that she did not act intentionally or with conscious indifference." *Schorp*, 5 S.W.3d at 732 (citing *McClure v. Landis*, 959 S.W.2d 679, 681 (Tex.App.—Austin 1997, pet. denied)); *see also Horsley–Layman*, 968 S.W.2d at 536 (noting that the burden of production "clearly" rests with the party moving for the extension). Courts interpreting Section 13.01(g) have held that "[s]ome excuse, but not necessarily a good excuse, is enough to warrant an extension of time to file the expert report, so long as the act or omission causing the failure to file the report *was, in fact, accidental.*" *Nguyen v. Kim*, 3 S.W.3d 146, 152 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (citing *Horsley–Layman*, 968 S.W.2d at 536) (emphasis added); *see also Wood*, 988 S.W.2d at 832) (citations omitted). Generally, an accident or mistake in this context is characterized by inadequate knowledge of the facts or an unexpected happening that precludes compliance. *See Nguyen*, 3 S.W.3d at 152. For example, "calendaring errors" have been held to establish accident or mistake. *See id.; see also Presbyterian Healthcare Sys. v. Afangideh*, 993 S.W.2d 319, 323 (Tex.App.—Eastland 1999, pet. denied) (citations omitted). By contrast, conscious indifference means "failing to take some action which would seem indicated to a person of reasonable sensibilities under similar circumstances." *Id.* (citing *Prince v. Prince*, 912 S.W.2d 367, 370 (Tex.App.—Houston [14th Dist.] 1995,

no writ)). In determining whether there was intentional or conscious indifference, the court looks to the knowledge and acts of the claimant or his attorney. *See Horsley–Layman*, 968 S.W.2d at 536 (citing *Strackbein v. Prewitt*, 671 S.W.2d 37, 39 (Tex.1984)).

In support of her motion for an extension of time, Pfeiffer produced only a letter from her attending physician. The letter states as follows:

> I have examined Ms. [Pfeiffer] on September 17, 1998, on October 20th of 1998, and again today, March 11, 1999. I have been asked to render an opinion concerning the treatment Ms. [Pfeiffer] received from Dr. James Jacobs. In order to [do] so I required these further examinations by Ms. [Pfeiffer].

Pfeiffer argues that, based on this showing, her failure to comply with the 180–day deadline should be excused because her physician required additional time. As noted above, evidence that a plaintiff needs "a little extra time" to comply is the type of showing necessary to obtain an extension under Section 13.01(f) which, for reasons discussed above, does not apply to the facts of this case. *Roberts*, 988 S.W.2d at 402; *Estrello*, 965 S.W.2d at 758. Indeed, Pfeiffer's motion for an extension of time references Section 13.01(g) only. To be entitled to relief under Section 13.01(g), the plaintiff must demonstrate that the failure to comply was excused by either accident or mistake. Here, Pfeiffer cannot make this required showing because the evidence establishes that she intentionally failed to file her report because her physician required a further examination. Although Pfeiffer complains that her physician "required seeing Appellant for the six (6) month period prior to March 12, 1999," she presents no excuse which shows that her failure to comply with Section 13.01 "was, in fact, accidental." *Nguyen*, 3 S.W.3d at 152. Because Pfeiffer did not meet her burden to show that her failure to timely file an expert report was the result of an accident or mistake, as re-

quired to obtain an extension of time under Section 13.01(g), the trial court did not abuse its discretion by granting Dr. Jacobs's motion to dismiss her case with prejudice. Pfeiffer's third and fourth points of error are overruled.

## CONCLUSION

Because Pfeiffer has not demonstrated that her failure to timely file expert reports was the result of accident or mistake, as required by Section 13.01(g) of the Texas Medical Liability Act, the trial court's order granting Dr. Jacobs's motion to dismiss Pfeiffer's case with prejudice is affirmed.