In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00060-CR
______________________________


WILLIAM BODIE McCONNELL, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 276th Judicial District Court
Marion County, Texas
Trial Court No. F13430

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â William Bodie McConnell appeals from his conviction for aggravated sexual assault on a
child. The jury assessed punishment at twenty-five years' imprisonment on each of two counts. The
second conviction is before this Court in companion case number 06-05-00059-CR, also decided this
day. 
Â Â Â Â Â Â Â Â Â Â Â Â The causes were tried together, have been appealed separately, and have been briefed
together. Since the record, briefs, and arguments raised therein are identical in both appeals, for the
reasons stated in McConnell v. State, Cause No. 06-05-00059-CR, we likewise resolve the issues in
this appeal in favor of the State.
Â Â Â Â Â Â Â Â Â Â Â Â We affirm the judgment of the trial court.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â September 23, 2005
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â October 7, 2005

Do Not Publish



s adequately briefed by the appellees in their response. Accordingly, in the
interests of justice, we will review the underlying allegation.

 Walker's suit was dismissed by the trial court pursuant to motions filed by the
appellees seeking dismissal because no expert report had been filed within the 180-day
time period set out in Article 4590i, no motion seeking additional time had been filed during
the thirty-day grace period (which had long since expired), and also arguing there was no
good reason for the delay which would permit the court to implement the final catchall
extension provision of Section 13.01(g). Tex. Civ. Prac. & Rem. Code Ann. art. 4590i
(Vernon Supp. 2002).

 The lawsuit was filed on March 16, 2000. The 180-day time period for the expert
report expired on September 12, 2000. Motions to dismiss for failure to comply with the
expert report requirement were filed by the various defendants on November 6, 7, and 22,
2000, and on January 19, 2001. However, Walker's counsel took no action until
JanuaryÂ 12, 2001, when he filed a response and a motion to extend time to file an expert
report. A hearing took place ten days later, on January 22, 2001. Clearly, the thirty-day
grace period authorized in Section 13.01(f) had expired and that section cannot apply to
this case. 

 Our review is thus focused on the request for additional time to file the expert report,
which may be granted in some circumstances under Section 13.01(g). 

 Section 13.01(g) provides for a thirty-day grace period, as follows:

 Notwithstanding any other provision of this section, if a claimant has failed
to comply with a deadline established by Subsection (d) of this section and
after hearing the court finds that the failure of the claimant or the claimant's
attorney was not intentional or the result of conscious indifference but was
the result of an accident or mistake, the court shall grant a grace period of
30 days to permit the claimant to comply with that subsection. A motion by
a claimant for relief under this subsection shall be considered timely if it is
filed before any hearing on a motion by a defendant under Subsection (e) of
this section. 

Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(g).

 Section 13.01(g) contains no requirement that the extension be sought before the
expiration of 180 days. It requires only that the request for an extension be made "before
any hearing" on a motion to dismiss under Section 13.01(e). Pfeiffer v. Jacobs, 29 S.W.3d
193, 197 (Tex. App.-Houston [14th Dist.] 2000, pet. denied). Although the time delay in
this case was considerable, Walker's motion for an extension was timely under Section
13.01(g) because it was filed before the hearing on the defendant's motion to dismiss. 
Accordingly, the trial court had discretion to consider Walker's motion. 

 This Court addressed a similar situation in Roberts v. Med. City Dallas Hosp., Inc.,
988 S.W.2d 398 (Tex. App.-Texarkana 1999, pet. denied). In reviewing this section of the
statute, we recognized that it does not define what constitutes intentional acts or conscious
indifference. We then adopted the construction of those terms as formulated by other
courts and applied them in a manner similar to their application in a default judgment
context. (4) If Walker's failure to file the expert opinion was not intentional or the result of
conscious indifference, the trial court abused its discretion in denying the motion to extend
time. 

 In determining whether there was intentional disregard or conscious indifference,
we look to the knowledge and acts of Walker. Id. at 403. Proof of accident or mistake
negates intent or conscious indifference. McClure v. Landis, 959 S.W.2d 679, 681 (Tex.
App.-Austin 1997, pet. denied). Some excuse, but not necessarily a good excuse, is
enough to show a lack of intentional disregard or conscious indifference. Conscious
indifference requires more than negligence. Smith v. Babcock & Wilcox Constr. Co., 913
S.W.2d 467, 468 (Tex. 1995).

 At the hearing on the motion to dismiss, Walker's counsel introduced evidence
through affidavits and testimony. Counsel's affidavit states he had consulted with a
physician (Dr. Roger Harper) at the University of Arkansas for Medical Sciences who had
offered a professional opinion that negligence occurred in this case, but after suit was filed,
Harper refused to appear as a witness (after discovering that the doctor in question was
a former student). Counsel stated that he had attempted to convince Harper to change his
mind, to no avail; that he had attempted to obtain a second medical opinion from
Dr.Â JohnÂ F. Kozlovsky; and that he was "confident that an expert opinion is imminent." 

 The record shows the following timetable:

Sept. 21, 1999 Records sent to Dr. Harper


March 16, 2000 Suit filed


May 7, 2000 Responsive letter from Dr. Kozlovsky, acknowledging receipt of the
file and setting out his fees


Sept. 12, 2000 The 180-day time period for the expert report expired


Oct. 12, 2000 Thirty-day grace period authorized in Section 13.01(f) expired


Nov. 6, 2000 Filing of first motion to dismiss for failure to file expert report 


 Letter to Dr. Kozlovsky thanking him for his May letters, enclosing
money, and asking him to call promptly 


Nov. 7, 2000 Filing of second motion to dismiss for failure to file expert report


Nov. 8, 2000 Letter from Dr. Laurence R. Dry (Tennessee M.D.) acknowledging
receipt of the medical records and requiring a $500.00 review fee in
advance


Nov. 9, 2000 Letter to Dr. Harper stating he was unsuccessful in obtaining a written
report from Dr. Kozlovsky and asking for his help


Nov. 22, 2000 Filing of third motion to dismiss for failure to file expert report


Nov. 28, 2000 Letter to Dr. Dry enclosing a check to replace the check lost by Airborne Express


Jan. 12, 2001 Filing of plaintiff's response and motion to extend time

Jan. 19, 2001 Filing of fourth motion to dismiss for failure to file expert report

Jan. 22, 2001 Hearing on motions to dismiss

Counsel also stated in his response he had assigned the case to a new associate who was
unfamiliar with Texas trial practice and who has since resigned from the firm. At the
hearing, counsel stated he had an oral opinion by Dr. Harper before the suit was filed. 
Counsel took the position this record showed he had been "feverishly" attempting to obtain
a written expert report up to the date of the hearing. 

 The question is whether the trial court abused its discretion by denying the motion
seeking additional time. According to the plain language of the statute, an extension of
time must be granted if the requirements of Section 13.01(g) are met and if the verified
motion sets forth facts which, if true, would negate intentional or consciously indifferent
conduct. See Dir., State Employees Workers' Comp. Div. v. Evans, 889 S.W.2d 266, 268
(Tex. 1994). Some excuse, but not necessarily a good excuse, is enough to warrant an
extension of time to file the expert report, so long as the act or omission causing the failure
to file the report was, in fact, accidental. Horsley-Layman v. Angeles, 968 S.W.2d 533, 536
(Tex. App.-Texarkana 1998, no pet.); Jackson v. Mares, 802 S.W.2d 48, 50 (Tex.
App.-Corpus Christi 1990, writ denied).

 The Houston Court of Appeals in Pfeiffer set out the standards for review as follows.

 Once it is determined that a motion for an extension under Section
13.01(g) is timely, the court must decide whether the claimant's failure to
meet the deadline is excused by accident or mistake, and was not intentional
or the result of conscious indifference. The plaintiff, as movant, has the
burden "to show some excuse of accident or mistake to establish that she
did not act intentionally or with conscious indifference." Schorp, 5 S.W.3d
at 732 (citing McClure v. Landis, 959 S.W.2d 679, 681 (Tex. App.-Austin
1997, pet. denied)); see also Horsley-Layman, 968 S.W.2d at 536 (noting
that the burden of production "clearly" rests with the party moving for the
extension). Courts interpreting Section 13.01(g) have held that "[s]ome
excuse, but not necessarily a good excuse, is enough to warrant an
extension of time to file the expert report, so long as the act or omission
causing the failure to file the report was, in fact, accidental." Nguyen v. Kim,
3 S.W.3d 146, 152 (Tex. App.-Houston [14th Dist.] 1999, no pet.) (citing
Horsley-Layman, 968 S.W.2d at 536) (emphasis added); see also Wood,
988 S.W.2d at 832 (citations omitted). Generally, an accident or mistake in
this context is characterized by inadequate knowledge of the facts or an
unexpected happening that precludes compliance. See Nguyen, 3 S.W.3d
at 152. For example, "calendaring errors" have been held to establish
accident or mistake. See id.; see also Presbyterian Healthcare Sys. v.
Afangideh, 993 S.W.2d 319, 323 (Tex. App.-Eastland 1999, pet. denied)
(citations omitted). By contrast, conscious indifference means "failing to take
some action which would seem indicated to a person of reasonable
sensibilities under similar circumstances." Id. (citing Prince v. Prince, 912
S.W.2d 367, 370 (Tex. App.-Houston [14th Dist.] 1995, no writ)). In
determining whether there was intentional or conscious indifference, the
court looks to the knowledge and acts of the claimant or his attorney. See
Horsley-Layman, 968 S.W.2d at 536 (citing Strackbein v. Prewitt, 671
S.W.2d 37, 39 (Tex. 1984)).


Pfeiffer, 29 S.W.3d at 198.

 The court concluded the plaintiff did not demonstrate that the failure to comply was
excused by either accident or mistake, finding she intentionally failed to file the report
because her physician required a further examination. 

 Although Pfeiffer complains that her physician "required seeing Appellant for
the six (6) month period prior to March 12, 1999," she presents no excuse
which shows that her failure to comply with Section 13.01 "was, in fact,
accidental." Because Pfeiffer did not meet her burden to show that her
failure to timely file an expert report was the result of an accident or mistake,
as required to obtain an extension of time under Section 13.01(g), the trial
court did not abuse its discretion by granting Dr. Jacobs's motion to dismiss
her case with prejudice. 

Id. at 198-99 (citation omitted).

 The present case is unlike the situation faced by this Court in Roberts, because in
that case counsel did attempt to file a report, but what he attempted to file was not the
correct document. We concluded that counsel's failure to read the statute did not
demonstrate conscious indifference, only negligence. Roberts, 988 S.W.2d at 403, citing
Smith, 913 S.W.2d at 468. We also found that giving the file to an inexperienced associate
was not conscious indifference in light of counsel's statements he believed (incorrectly) the
expert report had been filed.

 The question is whether the case now before this Court contains facts which would
support the Court's conclusion that conscious indifference was shown to exist. 

 It does. Counsel did nothing for a four-month period, despite knowing he had no
expert report in hand. His failure to take any affirmative action from May, through the date
on which the report was due, and until a motion to dismiss was filed in November does not
reflect mistake or accident. Even after the 180 days for filing the report expired on
September 12, 2000, counsel made no effort to obtain the report until November 6, 2000,
the date the first motion to dismiss was filed. There is no suggestion that counsel was
unaware of the necessity (and we do not suggest ignorance is a defense), and the only
excuse was the doctors had not yet provided counsel with an opinion. This closely
parallels the facts in Pfeiffer.

 We conclude that, based on the evidence before it, the trial court did not abuse its
discretion by dismissing Walker's lawsuit in accordance with Article 4590i, Â§ 13.01(e). 


 Because of our disposition of this ground of error, we need not reach the alternative
arguments raised by appellees Charles N. Thornton and Presbyterian Hospital of Dallas. 
 We affirm the judgment.



 Donald R. Ross

 Justice


Date Submitted: January 3, 2002

Date Decided: January 23, 2002


Publish

1. The plaintiff in this case is Mary Walker. Her trial counsel's name is Woodson
Walker. The attorney will hereafter be referred to as "counsel" to avoid confusion.
2. Tex. Civ. Prac. & Rem. Code Ann. Â§ 51.012 (Vernon 1997).
3. Tex. R. App. P. 44.1. 
4. Citing Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126
(1939); Horsley-Layman v. Angeles, 968 S.W.2d 533, 536 (Tex. App.-Texarkana 1998,
no pet.); McClure v. Landis, 959 S.W.2d 679, 681 (Tex. App.-Austin 1997, pet. denied).